DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant, Brenda Jeanette Gammon, appeals the decision of the Lucas County Court of Common Pleas dismissing her complaint against appellees, Hinkle Manufacturing, Inc. and Taber H. Hinkle ("Hinkle"), for failure to state a claim. Because we find that Gammon did not sufficiently plead a claim for relief under the federal Fair Labor Standards Act, we affirm.
 {¶ 2} This accelerated appeal arises from Gammon's employment with Hinkle. In the first count of a two count complaint filed May 14, 2001, Gammon alleged that she was required by Hinkle to work an average of 20 hours overtime each week to perform her assigned duties and that she went unpaid for this overtime while similarly situated male employees received overtime compensation. She then stated "Pursuant to O.R.C. § 4111.17(D), Plaintiff is entitled to recover two times such rate differential or $252,000.00 plus her costs including attorney fees expended herein." In the second count of the complaint, Gammon alleged that this same conduct was also a violation of R.C. 4111.03, the state's minimum wage act, and contended that "As the direct and proximate result of such violation, Plaintiff is entitled under O.R.C. § 4511.10 to damages in the amount of $126,000.00 and her costs and reasonable attorney fees."
 {¶ 3} This case was set for jury trial on June 23, 2003. On June 13, 2003, Gammon filed a notice of partial dismissal which stated "Pursuant to Civ. R. 41(A)(1), Plaintiff hereby dismisses, without prejudice, her wage discrimination claim under O.R.C. §4111.17 as set out in Paragraph 7 of Plaintiff's Complaint. All other claims remain effective." A second notice of partial dismissal was filed on June 19, 2003. This dismissal stated "Plaintiff hereby dismisses, without prejudice, her claims under the Ohio Minimum Wage Standards Act, O.R.C. Chapter 4111. The sole remaining claim under the Fair Labor Standards Act, USCA § 201 et seq., remains pending for trial on June 23, 2003 as scheduled."
 {¶ 4} On the day of trial, Hinkle moved to dismiss for failure to state a claim arguing that there was no pending cause of action after Gammon had filed her two notices of "partial" dismissal. Gammon argued that she still had a pending claim under the federal Fair Labor Standards Act. The trial court granted Hinkle's motion and discharged Hinkle.
 {¶ 5} Gammon now raises the following sole assignment of error on appeal:
 {¶ 6} "The trial court erred in holding that plaintiff's complaint failed to state any claim for relief involving a violation of the Fair Labor Standards Act."
 {¶ 7} An appellate court reviews a motion to dismiss de novo.Greeley v. Miami Valley Maintenance Constr., Inc. (1990),49 Ohio St.3d 228. Dismissal of a claim pursuant to Civ.R. 12(B)(6) is appropriate only where it appears beyond a doubt that the plaintiff can prove no set of facts in support of her claim that would entitle her to relief. See In Defense of Deer v. ClevelandMetroparks (2000), 138 Ohio App.3d 153, 160, citing O'Brien v.University Community Tenants Union (1975), 42 Ohio St.2d 242, syllabus. In reviewing the complaint, the court must presume all factual allegations contained in the complaint to be true and make all reasonable inferences in favor of the nonmoving party.Mitchell v. Lawson Milk Co. (1988), 40 Ohio St.3d 190, 192. The issue is whether the plaintiff is entitled to an opportunity to present evidence to prove her claim for relief — not whether she is entitled to the recovery she seeks. See, Leichliter v. Natl.City Bank of Columbus (1999), 134 Ohio App.3d 26, 31.
 {¶ 8} Gammon contends that the trial court erred in dismissing her complaint. She argues that while she dismissed her state claims, the complaint sufficiently set forth the elements of a claim under the Fair Labor Standards Act, Section 207(A)(2)(c), Title 29, U.S. Code, which still remained pending on the day of trial. This is disputed by Hinkle. Hinkle maintains that only two claims were pled, that they were both state claims under the Ohio Minimum Fair Wage Standards Act, R.C. Chapter 4111, and that they were both voluntarily dismissed by Gammon.
 {¶ 9} In analyzing the complaint, we note that "with the adoption of the Civil Rules, Ohio has progressed from `fact pleading' to `notice pleading.'" Hensley v. Toledo Area RegionalTransit Auth. (1997), 121 Ohio App.3d 603, 615 citing Salamonv. Taft Broadcasting Co. (1984), 16 Ohio App.3d 336, 338. Civ.R. 8(A) sets forth the requirements for pleading a claim for relief and provides in pertinent part: "A pleading that sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the claim showing that the party is entitled to relief, and (2) a demand for judgment for the relief to which the party claims to be entitled." A complaint therefore "must contain either direct allegations on every material point necessary to sustain a recovery on any legal theory, even though it may not be the theory suggested or intended by the pleader, or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." Fancher v. Fancher (1982), 8 Ohio App.3d 79, 83, quoting 5 Wright Miller, Federal Practice Procedure: Civil (1969), at 120-123, Section 1216.
 {¶ 10} A party is not required to plead the legal theory of recovery or the consequences which naturally flow by operation of law from the legal relationships of the parties. IllinoisControls, Inc. v. Langham (1994), 70 Ohio St.3d 512, 526. "The rules make clear that a pleader is not bound by any particular theory of a claim but that the facts of the claim as developed by the proof established the right to relief." Id. citing McCormac, Ohio Civil Rules Practice (2 Ed. 1992) 102, Section 5.01.
 {¶ 11} Gammon contends that her complaint alleges a claim under the Fair Labor Standards Act. Section 207(a)(2), Title 29, U.S. Code states that: "No employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, * * * for a workweek longer than forty hours * * * unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." Her complaint, however, falls short of alleging a federal cause of action. She failed to state that she was an employee who in any workweek was engaged in commerce or in the production of goods for commerce, or was employed in an enterprise engaged in commerce or in the production of goods for commerce.
 {¶ 12} Gammon also did not provide fair notice that she was pursuing a claim under the Fair Labor Standards Act. There was no separate count alleging a violation of Section 201 et seq., Title 29, U.S. Code. Her first count was brought pursuant to R.C.4111.17, and the second count was brought pursuant to R.C.4111.03. The first time that Gammon alleged a federal claim was in her second notice of partial dismissal filed less than a week before trial.
 {¶ 13} Gammon argues that Hinkle should be estopped from asserting that the complaint failed to meet the requirements of fair notice because Hinkle acknowledged in a letter that Gammon was pursuing a claim under the Fair Labor Standards Act. Gammon contends that had she known Hinkle would file a motion to dismiss for failure to state a claim, she would have sought to amend her complaint. There is nothing in the record that indicates that the letter Gammon relies on was before the trial court when it ruled on Hinkle's motion to dismiss as no transcript of the proceeding held on June 23, 2002 was filed.[1] Because this document was not before the trial court, it cannot be considered part of the record on appeal. See App.R. 9(A).
 {¶ 14} Therefore, we find that Gammon's sole assignment of error is not well-taken. The judgment of the Lucas County Court of Common Pleas is affirmed. Costs are assessed against appellant.
Judgment Affirmed.
Knepper, Lanzinger and Singer, JJ., concur.
[1] A copy of the letter was attached to Gammon's memorandum opposing defendants' assertion that plaintiff's complaint failed to state a claim under the FLSA. The trial court, however, had already filed its judgment entry dismissing Gammon's complaint when Gammon filed her memorandum.