[Cite as *Munday v. Lincoln Hts.*, 2013-Ohio-3095.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| COURTNEY MUNDAY, | : | APPEAL NO. C-120431 |
| | | TRIAL NO.  A-1007663 |
| Plaintiff-Appellee, | : | |
| | | |
| vs. | : | *O P I N I O N.* |
| | | |
| VILLAGE OF LINCOLN HEIGHTS, | : | |
| | | |
| and | : | |
| | | |
| OFFICER S. BEGLEY, | : | |
| | | |
| Defendants-Appellants, | : | |
| | | |
| and | : | |
| | | |
| VILLAGE OF LINCOLN HEIGHTS POLICE DEPARTMENT, | : | |
| | | |
| Defendant. | : | |


Civil Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed from is:  Reversed and Cause Remanded

Date of Judgment Entry on Appeal:  July 17, 2013


*David E. Stenson,* for Plaintiff-Appellee,

*Surdyk, Dowd & Turner, Co., L.P.A., Jeffrey C. Turner, Dawn M. Frick* and *Joshua R. Schierloh,* for Defendants-Appellants.



Please note:  this case has been removed from the accelerated calendar.

**CUNNINGHAM, Judge.**

{¶1} Defendants-appellants the Village of Lincoln Heights ("the village") and Officer Steven Begley, formerly employed as a village police officer, appeal from the order of the Hamilton County Court of Common Pleas denying them summary judgment on the basis of immunity. For the reasons that follow, we reverse the trial court's judgment.

## I. Background Facts and Procedure

{¶2} This case arose out of an incident occurring on August 22, 2008. On that date, Begley was employed as a police officer with the Lincoln Heights Police Department, which performs police functions for the Village of Lincoln Heights, a political subdivision of the state of Ohio.

{¶3} While on duty, Begley arrested plaintiff-appellee Courtney Munday under suspicion of operating a vehicle while under the influence of alcohol. Begley handcuffed Munday and placed him in the rear of his police cruiser to transport him to the Evendale Police Department, in a neighboring jurisdiction, for the administration of a breathalyzer test. Begley did not restrain Munday with a seat belt, although he did recall securely shutting the back door of the cruiser. Consistent with his regular practice, he then activated the door locking mechanism in the front of his cruiser, which controls both the front and rear doors of the cruiser if the safety-lock mechanism has been activated and is working properly.

{¶4} While on the way to Evendale, Begley drove onto the I-75 entrance ramp and began making his way around the curve on the ramp at approximately 30-35 m.p.h. As the cruiser neared the straightaway, the rear door on the driver's side opened, and Munday fell out and onto the roadway.

{¶5} Begley testified in his deposition that before the door opened, he had heard the "distinctive sound" of the "door mechanism" opening and that he had seen, through the rearview mirror, that Munday's right hand was behind his back, holding onto the door panel in an attempt to escape. He also testified that no one had ever attempted to escape from his cruiser and that he had no reason to believe that his safety locks had not been activated or were not working properly.

{¶6} Munday testified in his deposition that he had not attempted to escape from the vehicle. Instead, he claimed that the door had popped open with the force of his weight when the officer drove the cruiser around the curve on the entrance ramp. He believed that Begley had been driving at 30 to 40 m.p.h., but he had not seen the speedometer.

{¶7} Upon Munday's exit, Begley immediately stopped his cruiser and attended to Munday, who was transported to the hospital for treatment. He suffered road rash, multiple contusions, and back injuries.

{¶8} Munday then filed an action for personal injury against the village, the village's police department, and Officer Begley based on Begley's "negligence." Munday specifically pleaded that he had been "ejected" from the "moving" cruiser while in transport after his arrest, and that the officer had handcuffed him and had failed to "secure" him in the back seat. Munday sought compensatory damages and, in addition, treble damages and attorney fees. Notably, the complaint did not present a claim against the village or its police department other than one based on respondeat superior, and it did not set forth any conduct involving malicious purpose, bad faith, or wanton or reckless conduct.

{¶9} The trial court initially entered default judgment against the defendants, but it vacated that judgment in response to the defendants' Civ.R. 60(B)

3

motion. The village and Begley answered the complaint, raising immunity under R.C. Chapter 2744, the Political Subdivision Tort Liability Act, as an affirmative defense. They then moved for summary judgment on the entire claim on the basis of immunity and, additionally, on the issue of whether Munday could be awarded treble damages. In support, they cited the pleadings and Begley's and Munday's depositions, which they had filed with the court.

{¶10} In his memorandum opposing summary judgment, Munday argued that a genuine issue of material fact remained as to whether Begley had acted wantonly or recklessly where he had driven at an unreasonable speed on an on-ramp, had not secured Munday with a seat belt, had failed to ensure that the door locks were engaged properly, and had known that Munday was inebriated. He also suggested that the village was wanton and reckless for failing to purchase police vehicles with proper safety locks and for failing to establish procedures requiring its officer to determine if the safety locks in the village's police cruiser were operational and activated before transporting offenders.

{¶11} In support of his argument that summary judgment was not appropriate, Munday cited to his and Begley's depositions, interrogatory answers, the affidavit of Whitney Butler, a retired Dayton police officer, and the deposition of Sergeant Leroy Smith, Jr., of the village's police department. Munday, however, never filed Smith's deposition with the court.

{¶12} In their reply brief in support of summary judgment, the village and Begley emphasized that Munday was asking the court to stray way beyond the pleadings, as he had not alleged in the complaint that Begley had acted wantonly or recklessly, and he had not asserted any independent claims against the village.

{¶13} The trial court granted the village's and Begley's summary judgment motion with respect to the issue of treble damages, but it denied them summary judgment on the basis of immunity.[1] The court did not issue an opinion explaining the basis of its judgment.

{¶14} In their two assignments of error, the village and Begley maintain that the trial court erred by denying their motion for summary judgment on the basis of immunity.

## II. Standard of Review

{¶15} In this interlocutory appeal, we must determine whether, on the evidence before the trial court, the village and Begley were entitled to summary judgment on the basis of immunity. *Jones v. Norwood*, 1st Dist. Hamilton No. C-120127, 2013-Ohio-350, ¶ 31, citing *Hubbell v. Xenia*, 115 Ohio St.3d 77, 2007-Ohio-4839, 873 N.E.2d 878, syllabus. We review the denial of summary judgment de novo, without deference to the trial court's decision. *See id.* at ¶ 34.

{¶16} Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Civ.R. 56(C).

{¶17} Once the moving party has supported its contention that there is no genuine issue of material fact, and that it is entitled to judgment as a matter of law, the burden is on the nonmoving party to go beyond the "mere allegations or denials

---

[1] The trial court granted summary judgment to the Lincoln Heights Police Department on the grounds that it was not an entity that was capable of being sued.

of the party's pleadings," and to set forth specific facts, by affidavit or by other appropriate evidence, "showing that there is a genuine issue for trial." Civ.R. 56(E).

### III. Immunity of a Political Subdivision

{¶18} Under R.C. Chapter 2744, different paradigms apply to determine the immunity of a political subdivision and its employee. Whether a political subdivision is entitled to immunity provided by R.C. Chapter 2744 involves a three-tiered process. *Colbert v. Cleveland*, 99 Ohio St.3d 215, 2003-Ohio-3319, 790 N.E.2d 781, citing *Greene Cty. Agricultural Soc. v. Liming*, 89 Ohio St.3d 551, 556-557, 2000-Ohio-486, 733 N.E.2d 1141.

{¶19} The first tier is the general rule of blanket immunity, which provides that a political subdivision is immune from liability incurred in performing either a governmental or proprietary function. *Id*. at ¶ 15; R.C. 2744.02(A)(1). But that immunity is not absolute. The second tier requires a court to determine if any of the exceptions to immunity listed in R.C. 2744.02(B) apply to expose a political subdivision to liability. *Colbert* at ¶ 15. If any exception to immunity applies, then the third tier of the analysis requires a court to determine if any of the statutory defenses against liability apply. *See id*.

### A. Negligent-Operation Exception

{¶20} In its motion for summary judgment, the village argued that as a political subdivision carrying out the governmental function of providing police services, it was entitled to immunity absent any exception set forth in R.C. 2744.02(B). It further argued, as it does on appeal, that Munday's claim did not invoke any of the exceptions to the blanket immunity, including the exception set forth in R.C. 2744.02(B)(1) for injuries caused by an employee's negligent operation of a vehicle.

{¶21} Munday maintains that the exception set forth in R.C. 2744.02(B)(1) applies simply because he was injured when he fell out of the moving police cruiser. But the R.C. 2744.02(B)(1) exception applies only when the injury is "caused by" the employee's "negligent operation" of the vehicle. R.C. 2744.02(B)(1). "[T]he negligent operation of a vehicle pertains only to negligence in driving or otherwise causing the vehicle to be moved." *Doe v. Marlington Local School Dist. Bd. of Edn.*, 122 Ohio St.3d 12, 2009-Ohio-1360, 907 N.E.2d 706, ¶ 26.

{¶22} We reject Munday's broad interpretation of the exception in R.C. 2744.02(B)(1), but we nonetheless agree with him that the exception applies in this case because his claim can be construed to set forth a claim for personal injury caused by Begley's negligent operation of the vehicle.

{¶23} Civ.R. 8(A) requires only that a pleading contain a short and plain statement of the circumstances entitling the party to relief. Although Munday did not plead his claim artfully, he did allege that he was injured by the arresting officer's "negligence" and that his injury occurred when he was "ejected" from the "moving" cruiser.

{¶24} And when given an opportunity to make a demonstration of negligent driving that caused his injury, in response to the village's summary-judgment motion, Munday presented an affidavit from Butler, who had served as a supervisor for the special traffic investigation unit of the Dayton Police Department before retiring in 2008. Butler opined that "Officer Begley was traveling at too fast a rate of speed * * * when entering the curve of the on-ramp, which resulted in the ejection of the offender from the rear of the police cruiser."

{¶25} Although Begley testified that Munday had exited from the vehicle voluntarily, in an attempt to escape, and not because of Begley's driving, when faced

with a motion for summary judgment, the court must view the evidence in the light most favorable to the nonmoving party, in this case Munday. *See* Civ.R. 56(C). After doing so, we hold that a genuine issue of material fact remains as to whether Begley was driving too fast when navigating the curve of the on-ramp and whether this negligence caused Munday's injury. Thus, the village was not entitled to summary judgment on the grounds that no exception to immunity applied, where a genuine issue of material fact remained as to the application of the exception set forth in R.C. 2744.02(B)(1).

## B. Willful or Wanton Misconduct Defense

{¶26}    The village also maintains that if summary judgment was not appropriate on the grounds that no exception to immunity applied, then summary judgment was appropriate because R.C. 2744.02(B)(1)(a) applied. This section provides a political subdivision with a full defense to liability for an injury caused by the negligent driving of its employee police officer, acting within the scope of his employment and authority, if the officer was responding to an emergency call and the operation of the vehicle did not constitute willful or wanton misconduct. R.C. 2744.02(B)(1)(a).

{¶27}    Munday conceded that Begley was responding to an emergency call as a police officer when the injury occurred. *See Colbert*, 99 Ohio St.3d 215, 2003-Ohio-3319, 790 N.E.2d 781. But he argued that a genuine issue of material fact remained as to whether Begley's actions constituted wanton misconduct. The Ohio Supreme Court has recently clarified that "[w]anton misconduct is the failure to exercise any care towards those to whom a duty of care is owed in circumstances in which there is a great probability that harm will result." *Anderson v. Massillon*, 134 Ohio St.3d 380, 2012-Ohio-5711, 983 N.E.2d 266, paragraph three of the syllabus.

This includes the " 'voluntary or intentional violation or disregard of a known legal duty.' " *Id.* at ¶ 32, citing *Black's Law Dictionary* 1630 (8th Ed.2004).

{¶28}   Although we have noted that Civ.R. 8(A)'s requirements for setting forth a claim are minimal, we must also note that they are not meaningless.  The short and plain statement must set forth the circumstances entitling the party to relief.  The goal of Civ.R. 8(A) is to simplify the pleading process while giving the adverse party fair notice of the claim and an opportunity to prepare a response.  *See Fancher v. Fancher*, 8 Ohio App.3d 79, 82-83, 455 N.E.2d 1344 (1st Dist.1982). This is particularly important in claims brought against a political subdivision and its employees, to which the provisions of R.C. Chapter 2744 apply.

{¶29}   To that end, courts have held that for a plaintiff to successfully overcome a political subdivision's or its employee's motion to dismiss for failure to state a claim upon which relief can be granted, the complaint must contain allegations that would remove those parties from the statutory protections afforded them to avoid liability in connection with governmental or proprietary functions, although the operative facts are not required to be pled with particularity.  *See, eg., York v. Ohio State Highway Patrol*, 60 Ohio St.3d 143, 144-145, 574 N.E.2d 1063 (1991); *Fahnbulleh v. Strahan*, 73 Ohio St.3d 666, 667, 653 N.E.2d 1186 (1995); *Copeland v. Cincinnati*, 159 Ohio App.3d 833, 2005-Ohio-1179, 825 N.E.2d 681, ¶ 18;  *Myrick v. Cincinnati*, 1st Dist. Hamilton No. C-080119, 2008-Ohio-6830, ¶ 16.

{¶30}   The village argues that numerous Ohio courts have held that a plaintiff must allege malice, bad faith, or wanton or reckless conduct in the complaint to raise these issues in opposing a motion for summary judgment on the basis of immunity, citing *Elston v. Howland Local Schools*, 113 Ohio St.3d 314, 2007-Ohio-2070, 865 N.E.2d 845; *Inland Prods., Inc, v. Columbus*, 193 Ohio App.3d

740, 2011-Ohio-2046, 954 N.E.2d 141, ¶ 64 (10th Dist.); *Inannuzzi v. Harris*, 7th Dist. Mahoning No. 10-MA-117, 2011-Ohio-3185, ¶ 46-47; *Monteith v. Delta Productions, Inc.,* 3d Dist. Crawford Nos. 3-07-35 and 3-07-36, 2008-Ohio-1997, ¶ 28; *Ohio Bell Tel. Co. v. Digioia-Suburban Excavating, L.L.C.*, 8th Dist. Cuyahoga Nos. 89708 and 89907, 2008-Ohio-1409, ¶ 39-40.

{¶31}   In *Elston*, the Ohio Supreme Court initially held that a school district, which is defined as a political subdivision of the state, may assert the defense found in R.C. 2744.03(A)(5) to establish nonliability in a case in which a political subdivision would otherwise be liable according to R.C. 2744.02(B)(2) for negligence caused by its employees occurring in connection with the performance of a governmental function.  *Elston* at ¶ 26.  The R.C. 2744.03(A)(5) defense extends immunity to a political subdivision for "injury, death, or loss to person or property resulting from the exercise of judgment or discretion in determining whether to acquire, or how to use, equipment, supplies, materials, personnel, facilities, and other resources unless the judgment or discretion was exercised with *malicious purpose, in bad faith, or in a wanton or reckless manner*."  (Emphasis added.)

{¶32}   The Supreme Court then held that the appellate court had erred by reversing summary judgment in favor of the school district on the basis of that defense, because the plaintiff's injury resulted from the judgment or discretion of its coach in determining how to use equipment or facilities, and the plaintiff had presented no claim suggesting even reckless conduct.  *Elston* at ¶ 26 and 31.

{¶33}   Although this case involves the application of the defense set forth in R.C. 2744.02(B)(1)(a), and *Elston* involved the application of the defense set forth in R.C. 2744.03(A)(5), we believe that this distinction is irrelevant.  Both statutory provisions provide a political subdivision a defense to establish nonliability.

{¶34} Despite this case law, Munday argues that summary judgment was inappropriate because his allegations could be construed to constitute wanton misconduct when placed in the context of the operative facts that were brought out in discovery. By making this argument, Munday implicitly recognizes that his complaint only set forth a claim for negligence.

{¶35} After reviewing the complaint, we conclude that Munday only presented a claim for negligence. Munday used the word "negligence" three times to describe Begley's conduct, he never characterized Begley's conduct as wanton misconduct, and, most importantly, he failed to set forth any circumstances to support a finding that Begley's alleged negligent operation of the vehicle that led to Munday's injury constituted wanton misconduct. He merely alleged that Begley, after placing him in handcuffs, had failed to secure him with a seat belt in the rear of the cruiser. There was no allegation concerning Begley's speed on the on-ramp or an allegation that Begley knew the rear door could be opened by force or by the rear seat passenger.

{¶36} Additionally, Munday did not allege that Begley had violated a statute, ordinance, or police department policy designed for the safety of the public. *See Anderson*, 134 Ohio St.3d 380, 2012-Ohio-5711, 983 N.E.2d 266, paragraph five of the syllabus (holding that "the violation of a statute, ordinance, or departmental policy enacted for the safety of the public is not per se willful, wanton, or reckless conduct, but may be relevant to determining the culpability of a course of conduct.").

{¶37} Nor did Munday allege that Begley had acted intentionally. *See Jones*, 1st Dist. Hamilton No. C-120237, 2013-Ohio-350, at ¶ 47-48 (affirming denial of summary judgment on the basis of immunity to political subdivision employees on intentional-infliction-of-emotional-distress claim).

**{¶38}** Moreover, the village specifically challenged Munday's ability to oppose summary judgment on this issue. Because the village objected, we conclude that there was no constructive amendment of the complaint. *See Ohio Bell Tel. Co.*, 8th Dist. Cuyahoga Nos. 89708, 89907, 2008-Ohio-1409, at ¶ 40.

**{¶39}** Accordingly, because Munday failed to allege that Begley's operation of the police cruiser while responding to an emergency call constituted willful or wanton misconduct, the village successfully asserted the defense set forth in R.C. 2744.02(B)(1)(a) to Munday's claim. *See Elston*, 113 Ohio St.3d 314, 2007-Ohio-2070, 865 N.E.2d 845, at ¶ 26 and 31.

**{¶40}** For this reason, we hold that the village was entitled to the full defense to liability afforded by R.C. 2744.02(B)(1)(a).

### IV. Immunity of the Employee Begley

**{¶41}** The immunity of political subdivision employees and the exceptions to that immunity are set forth in R.C. 2744.03(A)(6), which provides as follows:

> In addition to any immunity or defense referred to in division (A)(7) of this section and in circumstances not covered by that division or sections 3314.07 and 3746.24 of the Revised Code, the employee is immune from liability unless one of the following applies:
>
> (a) The employee's acts or omissions were manifestly outside the scope of the employee's employment or official responsibilities;
>
> (b) The employee's acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner; [or]
>
> (c) Civil liability is expressly imposed upon the employee by a section of the Revised Code.

{¶42} Begley moved for summary judgment on the grounds that none of the exceptions in R.C. 2744.03(A)(6) applied. Munday conceded that Begley had been acting within the scope of his employment when he was injured, and that no statute had expressly imposed civil liability on Begley for his action. But he argued that Begley's conduct could be construed to constitute wanton or reckless behavior when placed in the context of the operative facts that were brought out in discovery. Thus, he argued that the exception in R.C. 2744.03(A)(6)(b) applied.

{¶43} We have already rejected Munday's argument that the court may look to the facts brought out in discovery when determining the character of the claim alleged, when, as here, the movant has challenged any constructive amendment of the complaint. And, after reviewing his complaint, we have determined that Munday alleged only negligent conduct.

{¶44} Wanton misconduct and reckless conduct are not the same as negligent conduct. In short, wanton misconduct involves the failure to exercise any care and a great a probability that harm will result. *Anderson*, 134 Ohio St.3d 380, 2012-Ohio-5711, 983 N.E.2d 266, at paragraph three of the syllabus. Reckless conduct "is characterized by the conscious disregard of or indifference to a known or obvious risk of harm to another that is unreasonable under the circumstances and is substantially greater than negligent conduct." *Id.* at paragraph four of the syllabus.

{¶45} The exception to the immunity in R.C. 2744.03(A)(6)(b) does not reach allegations of merely negligent conduct. *Jones*, 1st Dist. Hamilton No. C-120127, 2013-Ohio-350, at ¶ 45. Munday could not oppose Begley's motion for summary judgment by raising the issue of the wantonness or recklessness of Begley's conduct, where the complaint failed to set forth allegations of such behavior.

{¶46} We hold that the complaint must contain allegations suggesting malice, bad faith, or wanton or reckless conduct for a plaintiff to raise these issues in opposing the employee's motion for summary judgment based on the immunity found in R.C. 2744.03(A)(6). Accordingly, because Munday's complaint alleged only negligence, and no other exception to the immunity of a political subdivision employee applies, Begley established his immunity from liability for Munday's claim.

## V. Conclusion

{¶47} We hold that the trial court erred by denying summary judgment to the village and Begley on the basis of immunity. The first and second assignments of error are sustained. Accordingly, we reverse the trial court's judgment and remand the cause with instructions for the trial court to enter judgment in favor of the village and Begley.

Judgment reversed and cause remanded.

HILDEBRANDT, P.J., and DINKELACKER, J., concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.