[Cite as *Poole v. Lenzly*, 2013-Ohio-4148.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| JARSH E. POOLE, | : | APPEAL NO. C-130141 |
| and | : | TRIAL NO. 12CV-30327 |
| TYLYNN BLEDSOE, | : | *O P I N I O N.* |
| Plaintiffs-Appellants, | : | |
| vs. | : | |
| SHIRLEY LENZLY, | : | |
| and | : | |
| CHACO CREDIT UNION, | : | |
| Defendants-Appellees. | : | |

Civil Appeal From: Hamilton County Municipal Court

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: September 25, 2013

*John Curp*, City Solicitor, and *Joseph C. Neff*, Assistant City Solicitor, for Defendant-Appellee Shirley Lenzly.

*Jarsh E. Poole*, pro se.

Please note: we have removed this case from the accelerated calendar.

**DEWINE, Judge.**

{¶1}     This is an appeal from an entry of dismissal in a small claims case. It involves a vehicle that was impounded by the City of Cincinnati ("City") and later transferred to a credit union that held a lien on the vehicle. Plaintiffs Jarsh Poole and Tylynn Bledsoe sued for damages as a result of the impoundment and transfer. But they failed to properly name the City in their lawsuit, and the complaint they filed did not state a claim against any of the defendants they did name. Therefore, we affirm the judgment below.

I.

{¶2}     A City of Cincinnati police officer issued a citation to Tylynn Bledsoe for driving under FRA suspension and seized the automobile she was driving at the time. For reasons that are not clear from the record, a court subsequently dismissed the citation and issued an order releasing the vehicle to Ms. Bledsoe. In the interim, however, the City had transferred possession of the automobile to Chaco Credit Union ("Chaco"), which held a lien on the vehicle.

{¶3}     Jarsh Poole initiated this lawsuit on his own behalf and on behalf of Ms. Bledsoe against Chaco and Shirley Lenzly, a claims administrator for the City, to recover costs incurred in retrieving the vehicle from Chaco.[1] The gist of the complaint is that the City acted prematurely in releasing the vehicle to Chaco prior to the resolution of Bledsoe's charge for driving under suspension.

---

[1] Poole's status in this case is unclear from the record before us. In oral argument, Poole indicated that he incurred costs in retrieving the vehicle and has since converted title to his name. The issue of Poole's standing has not been raised here, however, and therefore will not be addressed.

{¶4} At the outset, we note that the plaintiffs did not initiate a lawsuit against the City. The only defendants named in the complaint were Ms. Lenzly, the City Solicitor's Office representative who corresponded with the plaintiffs about their claim, and Chaco. Apparently, plaintiffs believed that by naming Ms. Lenzly they were suing the City, but Ms. Lenzly's status as an employee of the City does not automatically render her an agent authorized to receive service on its behalf.

{¶5} On December 18, 2012, the small claims court dismissed plaintiffs' claims against Chaco and Ms. Lenzly, but continued the matter as to the City, likely to allow plaintiffs an opportunity to amend the complaint to include the City as a defendant. On December 20, plaintiffs attempted to file an amended complaint by handwriting "Defendant is CPD of Cincinnati – Re-Done"  in the margin of a prior pleading. Of course, this amendment was defective as well because "CPD of Cincinnati" is not an independent legal entity that can sue or be sued, and because the City was not served with process. Presumably because plaintiffs had not properly added the City as a party, the magistrate dismissed the complaint in its entirety on January 30, 2013.

II.

{¶6} It is evident that Ms. Lenzly was appropriately dismissed. The magistrate properly concluded that she was not individually subject to liability, but rather that the claim against her should have been brought against the City. In addition, the complaint failed to set forth any allegation of individual wrongdoing by Ms. Lenzly.

{¶7} The magistrate did not provide an explanation for the dismissal of Chaco in her December 18 decision. Nevertheless, our review of the complaint demonstrates that the dismissal was proper because plaintiffs failed to set forth a claim for relief against Chaco. *See* Civ.R. 12(B)(6). As we have noted in the past,

3

though the pleading standards under Civ.R. 8(A) may be "minimal," "they are not meaningless." *Munday v. Village of Lincoln Hts.*, 1st Dist. Hamilton No. C-120431, 2013-Ohio-3095, ¶ 28. By its terms, Civ.R. 8(A) requires "a short and plain statement * * * showing that the party is entitled to relief." *See Munday* at ¶ 28; *Fancher v. Fancher*, 8 Ohio App.3d 79, 455 N.E.2d 1344 (1st Dist.1982). Here, the complaint contains no allegations that would suggest that plaintiffs are entitled to relief against Chaco, rather it alleges only that the City erred by releasing the vehicle to Chaco.

{¶8} We recognize that consistent with "the goal of the small claims division to provide for the efficient, informal and inexpensive adjudication of small claims, pleadings are kept to a minimum." *Akaki Tikaradze v. Kenwood Gardens*, 6th Dist. Lucas No. L-11-1217, 2012-Ohio-3735, ¶ 5. In this case, however, we are unable to consider anything beyond the pleadings because plaintiffs have not provided a transcript of the proceedings below.

> The duty to provide a transcript for appellate review falls upon the appellant. * * * When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm.

*Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199, 400 N.E.2d 384 (1980).

III.

{¶9} In sum, the allegations in the complaint fail to state a claim against Chaco and Ms. Lenzly, and plaintiffs have not provided a transcript to allow us to further review the proceedings. Therefore, we affirm the trial court's judgment.

**HENDON, P.J.,** and **CUNNINGHAM, J.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.

