Zayas, P.J., concurring in part and dissenting in part.
{¶ 19} While I concur with most of the majority's opinion, I would reach a different result on Barger's claim for unjust enrichment.
Barger Asked EMS Not the HOA For the Certificate
{¶ 20} The majority states that Barger "had no choice but to pay" EMS because "she had to pay the fee or could not sell her house." However, this is not reflected in the record, and Barger's complaint does not allege that certification letters were not available from the HOA. Barger, as an owner of a lot in Fairfield Ridge Subdivision, was a member of the HOA pursuant to the declarations. Barger alleges in her complaint that she needed a certification letter to close on the sale of her property and that she requested it from EMS. Barger's complaint does not state why she asked EMS and not the HOA for the letter. Barger's complaint also does not allege that she did not know EMS's fee when she asked for the certification letter. The declarations, the bylaws, and the Ohio Revised Code only bind the HOA or its board to provide certification letters to HOA members and to charge a reasonable fee for the letters.
Barger Failed to Establish that the Authority to Provide Certification Letters was Delegated to EMS
{¶ 21} Barger's complaint alleges that under the management contract between the HOA and EMS, EMS "agreed to assume the Board's obligations under the recorded Declaration and to be bound by the terms of the recorded Declaration." However, Barger did not plead any facts to support that the HOA delegated the task of providing certification letters to EMS. Rather, Barger's complaint recites the clauses of the contract outlining the services EMS would perform for a flat fee and services that would be billed at an hourly rate implying certification letters are somehow included. Neither of these sections, however, mention certification letters. While the rest of the management contract specifies which of the HOA's and the board's obligations were delegated to EMS, it does not enumerate the obligation to provide certification letters to EMS. The contract does not address certification letters at all.
{¶ 22} The majority concedes that the management contract between the HOA
*960 and EMS does not specifically delegate the obligation to provide certification letters to EMS, but states, "in its contract with the HOA, EMS agreed to the 'maintenance of records and files for individual homeowners,' and to collect and account for assessments. This apparently included the responsibility to provide certification letters since EMS provided one here." (Emphasis added.) Accordingly, the majority assumes EMS is obligated under the management contract to provide the letter to HOA members, but the complaint contains no factual basis for that assumption. In fact, this assumption actually contradicts paragraph 14 of the contract which provides that there be a single point of contact between the HOA board and EMS, and that EMS would be available to individual members of the HOA only in the event of "extreme emergency." The fact that Barger asked EMS for a certification letter and it provided her with one did not obligate them to charge a "reasonable fee" for it.
Unjust Enrichment
{¶ 23} Barger alleges that "EMS has been unjustly enriched at the expense of Plaintiff" but unsupported conclusions are not taken as admitted by a motion to dismiss and are not sufficient to withstand such a motion. Mitchell, 40 Ohio St.3d at 193, 532 N.E.2d 753 ; Richardson v. Clinical Computing P.L.C., 2016-Ohio-8065, 69 N.E.3d 754, ¶ 38 (1st Dist.). Barger's complaint only alleges that EMS charged substantially more than other management companies and that the amount was not the actual cost of providing the certification letter. While the majority sets out the elements of unjust enrichment for Barger, unjust enrichment does not lie in situations where there is a "valid but unequal bargain." Lehigh Gas-Ohio , L.L.C. , 2016-Ohio-4611, 66 N.E.3d 1226, at ¶ 20-21, citing Ryan v. Rival Mfg. Co. , 1st Dist. Hamilton No. C-810032, 1981 WL 10160 (Dec. 16, 1981).
Standard of Review
{¶ 24} The majority correctly cites our standard of review on a motion to dismiss. "[W]e must presume that all factual allegations of the complaint are true and make all reasonable inferences in favor of the non-moving party." Mitchell, 40 Ohio St.3d at 192, 532 N.E.2d 753. The majority, however, presumes facts that were not pleaded in Barger's complaint and makes inferences that are not supported by the record. See Fancher v. Fancher , 8 Ohio App.3d 79, 83, 455 N.E.2d 1344 (1st Dist.1982) (a complaint must allege facts from which an inference may fairly be drawn); Munday v. Lincoln Hts. , 1st Dist. Hamilton No. C-120431, 2013-Ohio-3095, 2013 WL 3787606, ¶ 28 (a complaint must at least set forth the circumstances entitling the party to relief); Poole v. Lenzly , 1st Dist. Hamilton No. C-130141, 2013-Ohio-4148, 2013 WL 5432132, ¶ 7 (pleading standards may be minimal but they are not meaningless). The majority infers that Barger had no choice but to ask EMS for the certification letter, that she had no choice but to pay EMS's fee, that EMS had a duty to provide certification letters albeit without the requirement of charging a reasonable fee, that because EMS charged more than other companies for certification letters Barger has stated a claim for unjust enrichment, that under these circumstances it would be unjust for EMS to retain the benefit, and "that equity requires EMS to return its ill-gotten gains." None of those facts are pleaded in the complaint.
Conclusion
{¶ 25} While it may be true that EMS provided the certification letter for a larger fee than that charged by others, we are ultimately bound by the record and pleadings before us. Taking the facts actually *961 pleaded in Barger's complaint as true and construing them in her favor, Barger fails to state a claim for unjust enrichment, and I would affirm the trial court's dismissal of all of Barger's claims.