[Cite as *Marquez v. Ohio Dept. of Pub. Safety*, 2023-Ohio-4141.]

## IN THE COURT OF CLAIMS OF OHIO

| | |
|---|---|
| LUCIA T. MARQUEZ, et al. | Case No. 2022-00682JD |
| Plaintiffs | Judge Lisa L. Sadler |
| | Magistrate Robert Van Schoyck |
| v. | |
| | ENTRY GRANTING DEFENDANTS' |
| OHIO DEPARTMENT OF PUBLIC SAFETY, et al. | MOTION FOR SUMMARY JUDGMENT |
| Defendants | |

{¶1} Before the Court for a non-oral hearing is Defendants' Motion for Summary Judgment pursuant to Civ.R. 56 and L.C.C.R. 4. For the following reasons, Defendants' Motion is GRANTED.

{¶2} Motions for summary judgment are reviewed under the standard set forth in Civ.R. 56(C), which states, in part:

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor.

"[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record before the trial court which

demonstrate the absence of a genuine issue of material fact on a material element of the nonmoving party's claim." *Dresher v. Burt*, 75 Ohio St.3d 280, 292, 662 N.E.2d 264 (1996).  To meet this initial burden, the moving party must be able to point to evidentiary materials of the type listed in Civ.R. 56(C).  *Id.* at 292-293.

{¶3} If the moving party meets its initial burden, the nonmoving party bears a reciprocal burden outlined in Civ.R. 56(E), which states, in part:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the party does not so respond, summary judgment, if appropriate, shall be entered against the party.

{¶4} On September 18, 2020, Plaintiffs, Lucia Marquez and Lawrence Orr, and Ohio State Highway Patrol (OSHP) Trooper Sarah A. Korsten (Trooper Korsten)[1] were involved in a motor vehicle collision at the intersection of Lake Avenue and Griswold Road in Elyria.  (Complaint ¶¶ 4-5, Korsten Affidavit ¶¶ 3-4; Defendants' Exhibit A; Plaintiffs' Exhibit 2).[2]  Plaintiffs were traveling in a personal motor vehicle southbound on Lake Avenue, approaching Griswold Road, to the left of Trooper Korsten in the left turn lane with a green left turn arrow.  (Plaintiffs' Exhibit 1, Korsten Deposition 14:15-15:1; 18:1-19:23).  Trooper Korsten, in a marked OSHP cruiser in the course and scope of employment with Defendants, was traveling southbound on Lake Avenue, stopped at a red light in the through lane at Griswold Road, when she observed a white SUV run the red light on northbound Lake Avenue.  (Compl. ¶ 3; Korsten Aff. ¶ 3; Defs. Ex. A; Pls. Ex. 2).  As a trooper with the OSHP, Trooper Korsten is tasked with promoting traffic safety and "the majority of [her] law enforcement activities involve traffic enforcement, responding to accidents, stopping those violating speed limits and otherwise preventing

---

[1] Trooper Sarah A. Korsten is referred to as Sarah A. Marino in Plaintiffs' Complaint, but Defendants state she has since changed her name.  All parties use Trooper Korsten in their briefing and the Court will refer to her accordingly.

[2] Defendants' Exhibit A and Plaintiffs' Exhibit 2 are copies of Trooper Korsten's dashcam video on the date of the collision.

dangerous driving on Ohio's roadways." (Korsten Aff. ¶ 2). After witnessing the traffic violation, Trooper Korsten checked for traffic and initiated a left u-turn. (Korsten Aff. ¶ 4; Pls. Ex. 1, Korsten Depo. 16:24-17:1; 17:20-25; Defs. Ex. A; Pls. Ex. 2). Prior to initiating her emergency lights, Trooper Korsten made impact with the front passenger side bumper/fender of Plaintiffs' vehicle. (Korsten Aff. ¶ 4; Pls. Ex. 1, Korsten Depo. 32:13-20; Defs. Ex. A; Pls. Ex. 2). At the time of impact, Trooper Korsten was traveling "approximately less than 5 MPH." (Korsten Aff. ¶ 4; Defs. Ex. A; Pls. Ex. 2). Plaintiffs claim that Trooper Korsten negligently changed lanes into their vehicle, which resulted in injuries to each of them. (Compl. ¶¶ 8-9; 14-15). Moreover, Plaintiffs allege that Trooper Korsten "was not engaged in an 'emergency call' at the time of the collision." (Compl. ¶ 7).

{¶5} Defendants assert that they are immune from liability for any negligence on the part of Trooper Korsten pursuant to the public duty doctrine, R.C. 2743.02, and emergency call doctrine, 2744.02, *et seq.* Moreover, Defendants assert that no claims remain to be litigated because Plaintiffs have not pleaded willful or wanton conduct on the part of Trooper Korsten as to provide a defense to the emergency call doctrine. Plaintiffs concede that immunity analysis is appropriate pursuant to R.C. 2743.02 and R.C. 2744.02 *et seq.*, but assert that a genuine issue of material fact exists as to whether Trooper Korsten's actions were willful or wanton misconduct.

{¶6} The Supreme Court of Ohio has held that "[i]n the absence of willful or wanton misconduct, the State Highway Patrol is immune from liability for injuries caused by a patrol officer in the operation of his vehicle while responding to an emergency call." *Baum v. State Hwy. Patrol*, 72 Ohio St.3d 469, 472, 650 N.E.2d 1347 (1995). "In adopting this rule of law, the Supreme Court of Ohio reasoned that the state should enjoy the same level of immunity that the General Assembly affords to counties, cities, and townships." *Robertson v. Dept. of Pub. Safety*, 10th Dist. Franklin No. 06AP-1064, 2007-Ohio-5080, ¶ 13, citing *Baum* at 472. "Pursuant to R.C. 2744.02(B)(1)(a), counties, cities, and townships are immune from liability when '[a] member of a municipal corporation police department or any other police agency was operating a motor vehicle while responding to an emergency call and the operation of the vehicle did not constitute willful or wanton misconduct.'" *Id.*

{¶7} For purposes of R.C. Chapter 2744, "'[e]mergency call' means a call to duty, including, but not limited to, communications from citizens, police dispatches, and personal observations by peace officers of inherently dangerous situations that demand an immediate response on the part of a peace officer." R.C. 2744.01(A). An emergency call in this context "need not involve an inherently dangerous situation." *Smith v. McBride*, 130 Ohio St.3d 51, 2011-Ohio-4674, 955 N.E.2d 954, ¶ 21. Rather, the determination "turns on whether an officer was acting pursuant to a call to duty at the time of the accident." *Id.*; *see also Posner v. Dept. of Pub. Safety*, 10th Dist. Franklin No. 99AP-594, 2000 Ohio App. LEXIS 4496, *7 (Sept. 29, 2000) ("The focus, rather, is whether an immediate response is required.").

{¶8} Defendants assert, and Plaintiffs offer no argument or evidence to the contrary, that Trooper Korsten was responding to an emergency call at the time of the collision. While Plaintiffs plead in their Complaint that "Trooper [Korsten] was not engaged in an 'emergency call' at the time of the collision," without factual allegations, this is a legal conclusion. Allegations in a complaint cannot appear as legal conclusions, they must be supported by factual allegations. *See Rooney v. Ohio State Hwy. Patrol*, 2017-Ohio-1123, 87 N.E.3d 777, ¶ 22 (10th Dist.). The uncontroverted evidence presented pursuant to Civ.R. 56(C) shows that Trooper Korsten was initiating pursuit of a driver whom she personally observed run a red light. Therefore, reasonable minds can only conclude that Trooper Korsten was responding to an emergency call at the time of the collision.

{¶9} As previously stated, the decision of the Supreme Court of Ohio in "*Baum* * * * precluded liability for negligence arising out of a state trooper's operation of his vehicle while responding to an emergency call * * *." *Wallace v. Ohio Dept. of Commerce*, 96 Ohio St.3d 266, 2002-Ohio-4210, 773 N.E.2d 1018, ¶ 31, fn. 9. Therefore, under *Baum*, Defendants are entitled to immunity as a matter of law on Plaintiffs' claim of negligence, which is the sole theory of liability in their Complaint. Although Plaintiffs argue that the rule set forth in *Baum* does not provide immunity for willful or wanton misconduct, Plaintiffs did not plead or subsequently amend their Complaint to reflect a claim for the "willful or wanton misconduct" standard required for overcoming Defendants' immunity pursuant to R.C. 2744.02(B)(1)(a), which bars them from raising these issues on summary judgment.

*Munday v. Lincoln Heights*, 1st Dist. Hamilton No. C-120431, 2013-Ohio-3095, ¶ 39 (In relation to the "willful or wanton misconduct" standard pursuant to R.C. 2744.02(B)(1)(a), "because [plaintiff] failed to allege that [the officer's] operation of the police cruiser while responding to an emergency call constituted willful or wanton misconduct, the village successfully asserted the defense set forth in R.C. 2744.02(B)(1)(a) to [plaintiff's] claim [of negligence]."); *see also Pitzer v. Blue Ash*, 1st Dist. Hamilton No. C-180033, 2019-Ohio-2889, ¶ 7 (In relation to the "willful or wanton misconduct" standard pursuant to R.C. 2744.02(B)(1)(b), "[plaintiff's] failure to plead correctly, or subsequently amend the complaint to reflect this standard, barred [plaintiff] from raising these issues on summary judgment."); *Williams v. Stefka*, 8th Dist. Cuyahoga No. 96145, 2012-Ohio-353, ¶ 16 (In relation to the "willful or wanton misconduct" standard pursuant to R.C. 2744.02(B)(1)(c), "under such circumstances a party is precluded from arguing genuine issues of material fact as to willful and wanton misconduct on summary judgement.").

{¶10} It is noted that, in addition to the immunity furnished under *Baum* and R.C. 2744.02(B)(1)(a), Defendants argue they are also immune from liability under the public duty rule set forth in R.C. 2743.02(A)(3)(a) ("Except as provided in division (A)(3)(b) of this section, the state is immune from liability in any civil action or proceeding involving the performance or nonperformance of a public duty."). Because *Baum* and R.C. 2744.02(B)(1)(a) plainly confer Defendants with immunity on Plaintiff's claim of negligence, however, the Court need not determine the applicability of the public duty rule, which is independent of the rule established in *Baum*. *See Wallace* at ¶ 31, fn. 9 ("*Baum* did not, however, involve the public-duty rule."); *Dunlap v. Ohio Dept. of Pub. Safety*, Ct. of Cl. No. 2016-00302 (June 7, 2017).

{¶11} In summary, Defendants have met their burden on summary judgment. There are no genuine issues of material fact. Defendants are immune from Plaintiffs' claim of negligence and are entitled to judgment as a matter of law.

{¶12} For these reasons, Defendants' Motion for Summary Judgment is GRANTED and judgment is hereby rendered in favor of Defendants. Court costs are assessed against Plaintiffs. The Clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

_____
LISA L. SADLER
Judge

**Filed October 20, 2023**
**Sent to S.C. Reporter 11/16/23**