FANCHER, APPELLANT, *v.*
FANCHER, APPELLEE.

(Nos. C-820032 and C-820068—Decided November 3, 1982.)

*Mr. Stephen W. Young,* for appellant.
*Mr. James F. McCarthy,* for appellee.

PALMER, J. On July 20, 1977, the plaintiff-wife filed her complaint for divorce against the defendant-husband, alleging, *inter alia,* that they were married in 1976 and that she was pregnant. Service by certified mail was had, and a return receipt signed by Ernest Fancher, Jr., was duly entered, all in conformity

with Civ. R. 4.1. On April 4, 1978, an "Amended Complaint" was filed alleging the birth of a child, issue of the marriage, on February 20, 1978. Pursuant to plaintiff's affidavit that defendant's residence was then unknown, defendant was served the amended complaint by publication. In default of answer or appearance throughout the process, the defendant suffered a decree of divorce to be entered on June 16, 1978, finding, *inter alia,* that one child was born the issue of the marriage, awarding custody and support of $50 per week to plaintiff, and entering a divorce. The defendant failed to pay the support ordered and an entry finding the defendant in contempt for arrearages amounting to $7,600 was entered May 22, 1981. This apparently provoked the defendant's first response to the process when, on June 30, 1981, he filed a motion for relief from judgment, alleging an absence of jurisdiction over the person of the defendant necessary to provide the fundament for a determination of paternity and for the support order. Following an evidentiary hearing, findings of fact and conclusions of law were entered by a referee and were subsequently confirmed by the court over objections from both parties. Specifically, the entry granted the motion for relief from judgment as to the support and alimony awards and set aside the determination of arrearage because of an absence of personal jurisdiction over the defendant, but overruled the motion as to the determination of the child's paternity. Appeals were timely filed, the wife objecting to the order with respect to relief from support and alimony payments, and

the husband cross-appealing from that part of the order confirming the paternity determination.

Our examination of the issues raised in this appeal will best be served by directing attention to the defendant's challenge to the *in personam* aspects of the trial court's initial decree, a challenge which successfully — but erroneously, we conclude — convinced the court to afford Civ. R. 60(B) relief. Thus, the defendant argues, first, that the initial service of process under the July 20, 1977 complaint was inadequate to secure jurisdiction over his person because, it is maintained, he did not authorize his brother, Ernest, to receive and receipt the service, nor did he thereby or elsewhere learn of the pendency of the action.[1] Proceeding from this, defendant argues that the only service of process successfully completed was service by publication pursuant to Civ. R. 4.4, a form of service constitutionally inadequate to bottom those aspects of the decree requiring jurisdiction over his person,[2] citing *Kulko* v. *Superior Court of California* (1978), 436 U.S. 84, and *Sutovich* v. *Sutovich* (1964), 120 Ohio App. 473 [29 O.O.2d 371]. Alternately, defendant argues that even if the initial service by certified mail was sufficient to confer jurisdiction over his person, the filing of an amended complaint asserting new or additional claims for relief required the issuance under Civ. R. 5(A) of *new* service upon him and could not rest upon the old service. Defendant concludes by asserting that where such new service was by publication only, it was inadequate to support an order imposing a personal obliga-

---

[1] One of the findings by the referee was that the defendant admittedly knew of the divorce no later than March 1979, when he married another woman, and that his actual knowledge of both the divorce proceedings and his wife's pregnancy was coterminous with the events.

[2] The defendant includes within this category not only the child support and

alimony award, but also the determination of the infant's paternity. Although the direct point is unnecessary to decide, as will hereinafter appear, it may be noted that we have found no Ohio cases that address themselves to the issue. But, see, *Brondum* v. *Cox* (1977), 292 N.C. 192, 232 S.E.2d 687, and authorities cited therein, which appears to support the defendant's position with respect to paternity determinations.

tion. We find no merit in these arguments.

We hold, first, that the initial service of process under the July 20, 1977 complaint by certified mail pursuant to Civ. R. 4.1 sufficed to confer jurisdiction over the person of the defendant. As stated in *Mitchell* v. *Mitchell* (1980), 64 Ohio St. 2d 49, 51 [18 O.O.3d 254]:

"The Staff Note pertaining to Civ. R. 4.3(B)(1) states that certified mail service under the rule does not require delivery to the defendant only. This court in *Castellano* v. *Kosydar* (1975), 42 Ohio St. 2d 107, 110, certiorari denied, 423 U.S. 932, declared that certified mail service under the Rules of Civil Procedure does not require actual service upon the defendant, but is effective upon certified delivery. This court recognized that a need for actual service would be contrary to modern service requirements.

"* * *

"Accordingly, certified mail service under Civ. R. 4.3(B)(1) is valid where the envelope containing the documents to be served is delivered to a person other than the defendant, at the defendant's address. The Civil Rules do not require that delivery be restricted to the defen-

dant or to a person authorized by appointment or by law to receive service of process for the defendant. *Regional Airport Authority* v. *Swinehart* (1980), 62 Ohio St. 2d 403 [16 O.O.3d 436]."

It is immaterial that the certified mail receipt was signed by the defendant's brother, and that his brother was not specifically authorized to do so. The envelope was addressed to the defendant's address and was there received; this is sufficient to comport with the requirements of due process that methods of service be reasonably calculated to reach interested parties. See *Mullane* v. *Central Hanover Bank & Trust Co.* (1950), 339 U.S. 306, 314.[3]

Having determined that the initial service of process under Civ. R. 4.1(1) was effective, the next question involves the effect of the "amended complaint" filed by the plaintiff following the birth of the child. Specifically, the question arises whether the amended complaint falls within the commandment of Civ. R. 5(A), requiring service upon parties in default where a pleading subsequent to the initial complaint asserts "new or additional claims for relief."[4] If the answer to this question is affirmative, then new service

---

[3] Civ. R. 4.1(1) was clarified beyond doubt by amendment effective July 1, 1980, adding the prefatory words "Evidenced by return receipt signed by *any* person, * * *." (Emphasis added.) This, however, served primarily to confirm determinations already reached in pre-1980 cases, as instanced in the *Mitchell*, *Castellano*, and *Regional Airport Authority* decisions, *supra*. Note also that relief from a judgment entered pursuant to a method of process insufficient by reason of failure to conform to constitutional standards requiring a method "reasonably calculated" to reach the interested parties will generally proceed under Civ. R. 60(B)(1), requiring the motion to be filed within one year after judgment is entered. Editor's Note, Civ. R. 4.1, Ohio Revised Code Annotated (Page 1980). The instant motion for relief from judgment far exceeded that of any reasonable time limitation, having been filed on June 30, 1981, well over two years from the date defendant conceded that he knew of the

divorce, and over three years from the date the judgment was entered.

[4] Civ. R. 5(A) provides:

"Service: When required. Except as otherwise provided in these rules, every order required by its terms to be served, every pleading subsequent to the original complaint unless the court otherwise orders because of numerous defendants, every paper relating to discovery required to be served upon a party unless the court otherwise orders, every written motion other than one which may be heard ex parte, and every written notice, appearance, demand, offer of judgment, and similar paper shall be served upon each of the parties. No service need be made on parties in default for failure to appear except that pleadings asserting new or additional claims for relief against them shall be served upon them in the manner provided for service of summons in Rule 4 through Rule 4.6."

was required on the defendant, a service accomplished here in a manner arguably insufficient to confer *in personam* jurisdiction. If, however, the answer is negative, no new service was required and the actual service by publication assayed by plaintiff was, at worst, supererogatory. We conclude that the latter was, in fact, the case.

This answer to the dispositive question in the instant appeal derives from two sources: first, from an understanding of the new direction appointed by Civ. R. 8[5] with respect to pleadings, and, second, from an analysis of the two pleadings themselves. Together, they require our conclusion that the so-called amended complaint asserted no new or additional claim for relief requiring a new service on the defendant.

With respect to the significance of the adoption in 1970 of the Rules of Civil Procedure, and Civ. R. 8 thereof in particular, one begins by noting the abandonment under the rules system of the pre-1970 "cause-of-action" pleading, in which the petitioning party was expected to allege the existence of respective elements of the cause of action relied upon. In exchange was substituted something considerably simpler, under which the adverse party is *given notice of the incident* upon which a claim for relief is based. *Millican* v. *Mr. Steak, Inc.* (1973), 38 Ohio Misc. 24 [67 O.O.2d 169]. One authority put the distinction thusly:

"Any legal theory applicable to the short and plain statement of the incident

upon which relief is based will support a recovery. This is contrasted with the factual statement of all elements of a cause of action which was formerly required." McCormac, Ohio Civil Rules Practice (1970) 94, Section 5.04.

The significance of the change, beyond the obvious, is explored at some length in 4 Anderson's Ohio Civil Practice (1975), Section 151.03 *et seq.,* where the concept of pleading a "claim for relief" is examined with the help of cases dealing with the federal analogue of the Ohio rule. Clearly, it is concluded, the former cause-of-action concept of pleading is more limiting than a claim for relief pleading, which is unlimited as to right and remedy, citing the following language from a decision interpreting the federal rule:

"* * * [I]t is necessary to remember that in the Federal Rules of Civil Procedure the word 'claim' has a somewhat broader connotation than that which prior to the Rules pertained to a 'cause of action.' 'It is used to denote the aggregate of operative facts which give rise to a right enforceable in the courts.' * * * 'The theory adopted in the new rules * * * has been that the "transaction" or "occurrence" is the subject matter of a claim, rather than the legal rights arising therefrom; *additions to or subtractions from the central core of fact do not change this substantial identity* * * *.' " (Emphasis added.) *Dery* v. *Wyer* (C.A. 2, 1959), 265 F.2d 804, 807.

The purpose to be served by this alteration of pleading procedure is clear:

---

[5] Civ. R. 8, general rules of pleading, recites, in relevant part:

"(A) Claims for relief. A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the claim showing that the pleader is entitled to relief, and (2) a demand for judgment for the relief to which he deems himself entitled. Relief in the alternative or of several different types may be demanded.

"* * *

"(E) Pleading to be concise and direct; consistency.

"(1) Each averment of a pleading shall be simple, concise, and direct. No technical forms of pleading or motions are required.

"* * *

"(F) Construction of pleadings. All pleadings shall be so construed as to do substantial justice."

to simplify pleadings to a "short and plain statement of the claim" and to simplify statements of the relief demanded, Civ. R. 8(A), to the end that the adverse party will receive fair notice of the claim and an opportunity to prepare his response thereto.

"Pleading in the Civil Rules system emphasizes the notice giving function of pleading. The system recognizes that pleadings cannot carry the full burden of drawing a compact blueprint for the impending trial." Anderson's Ohio Civil Practice, *supra,* at 294, Section 151.04, also citing *Conley* v. *Gibson* (1957), 355 U.S. 41, 47, to the effect that:

"* * * [T]he Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all that the Rules require is 'a short and plain statement of the claim' as will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests."

One authority summarized the Civil Rules system in the following words:

"A reading of *Garcia, Conley,* and a host of other cases suggests that the complaint, and other relief-claiming pleadings need not state with precision all elements that give rise to a legal basis for recovery as long as fair notice of the nature of the action is provided. However, the complaint must contain either direct allegations on every material point necessary to sustain a recovery on any legal theory, even though it may not be the theory suggested or intended by the pleader, *or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial.*" (Emphasis added.) 5 Wright & Miller, Federal Practice & Procedure: Civil (1969), at 120-123, Section 1216.

Applying the foregoing principles to the instant pleadings, where the record shows (1) an initial complaint for divorce which recited in relevant part:

"2. Plaintiff and defendant were married on November 12, 1976 in Cincinnati, Ohio, and Plaintiff is now pregnant. "* * * WHEREFORE, Plaintiff prays that she be granted a divorce from the Defendant, and all other relief to which she may be entitled," and (2) a pleading filed eight months later, which repeated the allegations of the earlier complaint, adding only the following:

"3. One child, Angela Marie Fancher, was born on February 20, 1978, as issue of the marriage. "* * * WHEREFORE, Plaintiff prays that she be granted a divorce from the Defendant, custody of the minor child, an allowance for support of said child, and all other relief to which she may be entitled," we reach the conclusion recited earlier. Thus, the initial complaint discharged the burden of Civ. R. 8(A) by setting forth a short and plain statement of the claim and a demand for the only relief then available to the pleader, *i.e.,* divorce.[6] At the same time, it placed the defendant on notice that the plaintiff was pregnant, and that, by fair and even necessary inference, an obligation to support would arise by operation of law upon the successful conclusion of the pregnancy. R.C. 3103.03. This central core of fact, constituting the incident, occurrence, or transaction giving rise to the claim for relief, did not significantly change or alter as a result of the amended pleading setting forth the inevitable outcome of facts already pleaded, *viz.,* the birth after term of a living child of the marriage. The defendant was given fair notice in the initial complaint that, in the fullness of time, he would face a claim for relief which would include, *inter alia,* child support. He could not seriously maintain surprise when met with it by the amended pleading. Nor can he, as a result, suc-

---

[6] Obviously, no claim for child support will lie for the period prior to successful parturition.

cessfully maintain his argument that, under such circumstances, the amended pleading contained "new or additional claims for relief under Civ. R. 5(A)," requiring service in form sufficient to obtain jurisdiction over his person in order to bottom *in personam* orders by the court.

Having found no new or additional claims for relief in the Amended Complaint of the plaintiff, service on the defaulting defendant was unnecessary. The service by publication secured by plaintiff, doubtless out of a misguided abundance of caution, was simply redundant and of no force and effect. The initial service upon the defendant under Civ. R. 4.1, which we have previously determined to have been effective, was fully sufficient to provide the constitutional and statutory fundament for those *in personam* aspects of the court's original judgment placed into question by the husband's motion for relief from judgment.

It follows that we find meritorious the assignment of error presented by the plaintiff-appellant and grant the same, and overrule the assignment of error of the defendant-cross-appellant. The judgment of the trial court, to the extent that it found a lack of jurisdiction over the person of the husband and vacated prior orders with respect to child support, alimony, and arrearages, is accordingly reversed, and the cause is remanded to the trial court for further proceedings according to law.

*Judgment accordingly.*

SHANNON and BLACK, JJ., concur.