OPINION
Plaintiff-appellant Linda Zickgraf appeals from the dismissal, pursuant to Civ.R. 12(B)(6), of her complaint seeking recission of a transfer of real estate or, alternatively, money damages. Linda Zickgraf contends that the trial court erred in finding that she failed to state a claim against defendant-appellee Edwin Zickgraf.
We conclude that the trial court did err in dismissing the complaint. From our review of the record, we conclude that, when liberally construed, the complaint is sufficient to state a cause of action against Edwin Zickgraf.
Accordingly, the judgment of the trial court is Reversed, and this cause is Remanded for further proceedings.
 I
Linda Zickgraf transferred real estate located in Germantown, Ohio to her son, David Zickgraf. David subsequently conveyed the property to his brother, Edwin Zickgraf. Thereafter, Linda filed suit against David, Edwin and Star Bank.[1] Her complaint alleged that as consideration for the conveyance of the property to him, David orally promised to construct a residence with an "in-law suite" for Linda's use. Linda also alleged that she and David obtained plans to construct the home and that they applied for, and obtained, certain government approvals necessary to begin construction. She further alleged that David subsequently conveyed the property to his brother, her son, Edwin Zickgraf, in contravention of the oral agreement. The complaint sought recovery of the property or the value thereof.[2]
David filed a motion to dismiss pursuant to Civ.R. 10(D), 12(B)(1) and 12(B)(6). The trial court overruled the motion in its entirety. Edwin also filed a motion to dismiss pursuant to Civ.R. 12(B)(6). The trial court, in granting the motion, stated as follows:
 The Plaintiff states in her Complaint that Defendant Edwin Zickgraf knew of the oral agreement between herself and Defendant David Zickgraf. The Plaintiff also states in her Complaint that Defendant Edwin Zickgraf received the land from his brother for less than its full value.
 The Court finds no causes of action alleged against Defendant Edwin Zickgraf in the Plaintiff's Complaint. Plaintiff's recovery, if any, would be against David Zickgraf and not the property itself. For these reasons, the Court finds that the Plaintiff's Complaint fails to state a cause of action against Defendant Edwin Zickgraf. Therefore, the Court Sustains Defendant Edwin Zickgraf's Motion to Dismiss pursuant to Civ.R. 12(B)(6).
Linda Zickgraf appeals from this order.
 II
The sole assignment of error is as follows:
 THE LOWER COURT ERRED IN GRANTING APPELLEE'S MOTION TO DISMISS PURSUANT TO CIVIL RULE 12(B)(6) STATING THAT THE PLAINTIFF'S COMPLAINT HAD FAILED TO STATE A CAUSE OF ACTION AGAINST THE APPELLEE.
Linda contends that the trial court erred by granting Edwin's Civ.R. 12(B)(6) motion to dismiss.
When determining whether or not to dismiss a complaint pursuant to Civ.R. 12(B)(6), the trial court is limited to the face of the complaint. State ex rel. Midwest Pride IV, Inc. v. Pontious (1996),75 Ohio St.3d 565, 569. All factual allegations of the complaint must be accepted as true. Vail v. The Plain Dealer Publishing Co. (1995),72 Ohio St.3d 279, 280. Furthermore, the plaintiff must be afforded all reasonable inferences therefrom. Mitchell v. Lawson Milk Co. (1988),40 Ohio St.3d 190, 192. "* * * [A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." O'Brien v. University Community Tenants Union
(1975), 42 Ohio St.2d 242, 245, citation omitted.
When determining whether a complaint states a claim, the pleadings must be liberally construed. Civ.R. 8, which sets forth the general rules for pleading, provides in relevant part:
 (A) Claims for relief. A pleading which sets forth a claim for relief * * * shall contain (1) a short and plain statement of the claim showing that the pleader is entitled to relief, and (2) a demand for judgment for the relief to which he deems himself entitled. Relief in the alternative or of several different types may be demanded.
* * *
(E) Pleading to be concise and direct; consistency.
 (1) Each averment of a pleading shall be simple, concise, and direct. No technical forms of pleading or motions are required.
* * *
 (F) Construction of pleadings. All pleadings shall be so construed as to do substantial justice.
 Civ.R. 8(A) serves "to simplify pleadings to a `short and plain statement of the claim' and to simplify statements of the relief demanded * * * to the end that the adverse party will receive fair notice of the claim and an opportunity to prepare his response thereto." Fancher v. Fancher (1982), 8 Ohio App.3d 79, 83. Civ.R. 8(F) requires that pleadings be "construed as to do substantial justice." Thus, pleadings must be construed liberally to serve the substantive merits of the action. MacDonald v. Bernard (1982), 1 Ohio St.3d 85, 86, fn. 1. Pursuant to Ohio's Rules of Civil Procedure:
 * * * the complaint * * * need not state with precision all elements that give rise to a legal basis for recovery as long as fair notice of the nature of the action is provided. However, the complaint must contain either direct allegations on every material point necessary to sustain a recovery on any legal theory, even though it may not be the theory suggested or intended by the pleader, or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial.
 Fancher, supra, at 83.
In the case before us, the complaint specifically alleged, in paragraph five, that Edwin acquired the property for "less than its full and adequate value" and with knowledge of the agreement between David and Linda. The complaint sought, as relief, restoration of the property. In the alternative, the complaint asked for a money judgment against David and for "such other and further relief to which the Plaintiff may be entitled in law or equity * * *."
We construe the complaint as alleging that Edwin was not a bona fide purchaser, and that he therefore took the property subject to any interest held by Linda pursuant to her oral agreement with David.[3] A "bona fide purchaser" is "one who purchases real estate with an honest purpose and for a valuable consideration, without knowledge or notice of outstanding interests or of facts or circumstances from which his knowledge of outstanding interests should be implied." 80 O.Jur.3d (1988), Real Property Sales and Exchanges, Section 215. A vender can convey only such interests as he holds, and, unless the purchaser is a bona fide purchaser, he takes the property subject to the interests of any third persons holding an interest in the property. Id., at Section 222. Therefore, construing the complaint liberally, we find that it alleges that Linda has an interest in the property; that Edwin was not a bona fide purchaser and his interest is, thus, subordinate to Linda's; and that any claim Edwin may have in the property, or the proceeds thereof, is subject to Linda's prior interest.
Furthermore, while the prayer for relief does not specifically demand judgment against Edwin, its use of the catch-all phrase "for such other and further relief to which the Plaintiff may be entitled in law or equity" is adequate, when combined with the claim that Edwin is not a bona fide purchaser, to state a claim of an interest in the property or the proceeds from any sale thereof, and to place Edwin on notice of the claims being made against him.
Accordingly, Linda's assignment of error is sustained.
 III
The sole assignment of error being sustained, the judgment of the trial court is Reversed, and this cause is Remanded for further proceedings.
GRADY, P.J., and WOLFF, J., concur.
 _________ FAIN, J.
[1] Star Bank holds a mortgage on the subject property, in the principal sum of $6,000.
[2] According to the appellate briefs, Edwin subsequently sold the property to another individual, not a party to this action. All proceeds from the sale were placed in escrow pending the outcome of the litigation. We note that there is no competent evidence before us regarding the fact of the sale by Edwin.
[3] We note that as a general rule, Ohio's Statute of Frauds requires that a contract regarding the transfer of real estate must be in writing. R.C. 1335.04. However, this rule is not without exception. An oral agreement regarding real estate may be enforced pursuant to the doctrine of part performance. Geiger v. Geiger (Nov. 16, 1993), Montgomery App. No. 13841, unreported. We find Linda's complaint sufficient to state a claim that the agreement in this case comes within the exception to the Statute of Frauds. The trial court so held in denying David Zickgraf's motion to dismiss.