[Cite as *Tuleta v. Med. Mut. of Ohio*, 2014-Ohio-396.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No.   100050

## ANTHONY TULETA, ET AL.

PLAINTIFFS-APPELLEES

vs.

## MEDICAL MUTUAL OF OHIO, ET AL.

DEFENDANTS

[Appeal by Defendant Michael McGrath, Chief of Police,
City of Cleveland]

**JUDGMENT:**
REVERSED AND REMANDED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-793800

**BEFORE:**   Boyle, A.J., E.A. Gallagher, J., and Blackmon, J.

**RELEASED AND JOURNALIZED:**   February 6, 2014

**ATTORNEYS FOR APPELLANTS**

Barbara Langhenry
Director of Law
Alejandro V. Cortes
William M. Menzalora
Assistant Directors of Law
City of Cleveland
601 Lakeside Avenue, Room 106
Cleveland, Ohio    44114


**ATTORNEYS FOR APPELLEES**

**For Anthony and Elenny Tuleta**

Henry W. Chamberlain
Chamberlain Law Firm
36368 Detroit Road
Suite A
Avon, Ohio    44011

David A. Hamamey, II
Hamamey Law Firm, L.L.C.
P.O. Box 30543
Middleburg Heights, Ohio    44130

John J. Sheehan, Jr.
Sheehan Law
503 East 200th Street
Euclid, Ohio    44119

**For Cuyahoga County, Ohio, et al.**

Timothy J. McGinty
Cuyahoga County Prosecutor
Brian R. Gutkoski
Assistant County Prosecutor
Justice Center, 8th Floor

1200 Ontario Street
Cleveland, Ohio    44113

**For Medical Mutual of Ohio, et al.**

Lindsey A. Carr
Christopher G. Keim
Frantz Ward L.L.P.
127 Public Square
2500 Key Center
Cleveland, Ohio    44114

MARY J. BOYLE, A.J.:

**{¶1}** Defendant-appellant, Michael McGrath, appeals from the trial court's interlocutory order denying his motion to dismiss. He raises one assignment of error for our review:

> The trial court erred as a matter of law and improperly denied defendant-appellant Chief of Police Michael McGrath's motion to dismiss because he is immune from liability under R.C. Chapter 2744.

**{¶2}** After review, we reverse and remand.

## Procedural History

**{¶3}** In October 2012, plaintiff-appellee, Anthony Tuleta, filed his complaint against Medical Mutual of Ohio, Bruce Sieniawski, Cuyahoga County, the Cuyahoga County Prosecutor's Office, several individual county prosecutors, the city of Cleveland and McGrath, the chief of police for the city of Cleveland ("Chief McGrath"). He brought five claims against defendants: malicious prosecution, abuse of process, breach of confidentiality and/or inducing breach of confidentiality, and intentional and negligent infliction of emotional distress. Tuleta's wife, also a plaintiff in the case, brought a consortium claim against defendants.

**{¶4}** According to Tuleta's complaint, the alleged facts are as follows. Medical Mutual was Tuleta's health insurance carrier. Sieniawski worked for Medical Mutual, providing investigatory services for the company. Tuleta alleges that Sieniawski was "one of the original individuals who brought about criminal prosecution against" him.

{¶5} Tuleta asserts that the city of Cleveland and Chief McGrath, as well as Cuyahoga County and county prosecutors, "investigated, charged, indicted and prosecuted" him with malice and without probable cause. Tuleta also claims that defendants obtained privileged medical information from his physician without his consent, and specifically alleges that defendants induced his physician to give them the confidential medical information.

{¶6} Tuleta further alleges that as a result of defendants' actions in investigating and maliciously prosecuting him, the Cuyahoga County Grand Jury indicted him in 2009 on six counts of drug possession and one count of aggravated theft for offenses that allegedly occurred between the years 2003 and 2007. Tuleta asserts that "[t]he prosecution of [him] on these criminal matters was ultimately ended" in his favor when the Ohio Supreme Court declined to accept the state's appeal on October 19, 2011.

{¶7} Medical Mutual and Sieniawski answered the complaint. The county and city defendants moved to dismiss the complaint.

{¶8} The trial court granted the county's motion to dismiss in its entirety. Regarding the city defendants, the trial court granted the city's motion, but denied Chief McGrath's.[1] The trial court ruled that "[a]ccepting plaintiff's allegations of malice as true, defendant Michael McGrath could be liable as to at least one of the counts contained in the complaint." It is from this interlocutory order that Chief McGrath appeals.

---

[1] Tuleta appealed the trial court's dismissal of his claims against the county. See companion case *Tuleta v. Med. Mut.*, 8th Dist. Cuyahoga No. 100032.

## Pleading Standard

**{¶9}** In challenging the trial court's denial of his motion to dismiss, Chief McGrath argues that this court should apply the federal court's heightened pleading standard set forth by the United States Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Chief McGrath contends that for Tuleta to survive a motion to dismiss, Tuleta was required to set forth facts that demonstrate his "plausible entitlement to relief." We will therefore examine *Twombly* in light of Chief McGrath's arguments, as well as *Twombly's* implications — if any — on Ohio's pleading standard.

A. *History of Ohio's Pleading Standard*

**{¶10}** Ohio adopted the Rules of Civil Procedure in 1970. *Price v. Westinghouse Elec. Corp.*, 70 Ohio St.2d 131, 133, 435 N.E.2d 1114 (1982). With the adoption of these rules, which at that time were identical to the federal rules, Ohio has long been a notice-pleading state. *See Sacksteder v. Senney*, 2d Dist. Montgomery No. 24993, 2012-Ohio-4452; *see also* John B. Oakley & Arthur F. Coon, *The Federal Rules in State Courts: A Survey of State Court Systems of Civil Procedure*, 61 Wash.L.Rev. 1367 (1986).

**{¶11}** Like the federal counterpart, Civ.R. 8(A) provides that "[a] pleading that sets forth a claim for relief * * * shall contain a short and plain statement of the claim showing that the party is entitled to relief[.]" Also like the federal rules, Civ.R. 8(E)(1) states that "[e]ach averment of a pleading shall be simple, concise, and direct. No

technical forms of pleading or motions are required[,]" and Civ.R. 8(F) mandates that "[a]ll pleadings shall be so construed as to do substantial justice."

{¶12} As the Fifth District pointed out in *Grossniklaus v. Waltman*, 5th Dist. Holmes No. 09CA15, 2010-Ohio-2937, ¶ 26:

> Under the notice pleading requirements of Civ.R. 8(A)(1), the plaintiff only needs to plead sufficient, operative facts to support recovery under his claims. *Doe v. Robinson*, 6th Dist. No. 1-07-1051, 2007-Ohio-5746, ¶ 17. Nevertheless, to constitute fair notice, the complaint must still allege sufficient underlying facts that relate to and support the alleged claim, and may not simply state legal conclusions. *See DeVore v. Mut. of Omaha Ins. Co.*, 32 Ohio App.2d 36, 38, 288 N.E.2d 202 (7th Dist.1972).

{¶13} Whether a complaint should be dismissed pursuant to Civ.R. 12(B)(6) raises questions of law and is reviewed de novo. *Stanfield v. Amvets Post No. 88*, 2d Dist. Miami No. 06CA35, 2007-Ohio-1896, ¶ 9. The function of a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted is to test the legal sufficiency of a claim. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 548, 605 N.E.2d 378 (1992). It is well settled that "when a party files a motion to dismiss for failure to state a claim, all factual allegations of the complaint must be taken as true and all reasonable inferences must be drawn in favor of the nonmoving party." *Byrd v. Faber*, 57 Ohio St.3d 56, 60, 565 N.E.2d 584 (1991), citing *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192, 532 N.E.2d 753 (1988).

{¶14} Five years after the Rules of Civil Procedure became effective, the Ohio Supreme Court adopted the "no set of facts" pleading standard set forth by the United States Supreme Court in *Conley v. Gibson*, 355 U.S. 41, 45, 78 S.Ct. 99, 2 L.Ed.2d 80

(1957). *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242, 245, 327 N.E.2d 753 (1975), syllabus. Specifically, the Ohio Supreme Court stated that in determining the sufficiency of the complaint, it "should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove *no set of facts* in support of his claim which would entitle him to relief." (Emphasis added.) *O'Brien* at 245, quoting *Conley* at 45. Ohio courts have been applying this "no set of facts" pleading standard for nearly 40 years.

{¶15} Four years after the adoption of the Rules of Civil Procedure, and one year before the Ohio Supreme Court formally adopted *Conley's* "no set of facts" standard, this court noted that "few complaints fail to meet the liberal standards of Rule 8 and become subject to dismissal." *Slife v. Kundtz*, 40 Ohio App.2d 179, 182, 318 N.E.2d 557 (8th Dist.1974). We further emphasized that "the motion to dismiss is viewed with disfavor and should rarely be granted." *Id.*

{¶16} Another Ohio appellate court explained that pursuant to the Rules of Civil Procedure:

> [T]he complaint * * * need not state with precision all elements that give rise to a legal basis for recovery as long as fair notice of the nature of the action is provided. However, the complaint must contain either direct allegations on every material point necessary to sustain a recovery on any legal theory, even though it may not be the theory suggested or intended by the pleader, or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial.

*Fancher v. Fancher*, 8 Ohio App.3d 79, 83, 455 N.E.2d 1344 (1st Dist.1982).

**{¶17}** In *York v. Ohio State Hwy. Patrol*, 60 Ohio St.3d 143, 145, 573 N.E.2d 1063 (1991), the Ohio Supreme Court reaffirmed the "no set of facts" standard, reasoning:

> [A] plaintiff is not required to prove his or her case at the pleading stage. Very often, the evidence necessary for a plaintiff to prevail is not obtained until the plaintiff is able to discover materials in the defendant's possession. If the plaintiff were required to prove his or her case in the complaint, many valid claims would be dismissed because of the plaintiff's lack of access to relevant evidence. Consequently, as long as there is a set of facts, consistent with the plaintiff's complaint, which would allow the plaintiff to recover, the court may not grant a defendant's motion to dismiss.

*Id.* at 145.

       B.    *The Federal Standard under* Bell Atlantic v. Twombly

**{¶18}** *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), was a complex, antitrust case. The class-action plaintiffs in *Twombly*, local telephone and high-speed internet subscribers, brought the antitrust action against several regional companies that had monopolies over local telephone services. *Id.* at 548. The federal district court dismissed the case for failure to state a claim, but the second circuit reversed. The United States Supreme Court granted certiorari "to address the proper standard for pleading an antitrust conspiracy through allegations of parallel conduct." *Id.* at 553.

**{¶19}** Despite the complexity of *Twombly*, the narrow question presented for review, and the fact that the text of Fed.R.Civ.P. 8(a) had not changed since the federal rules were adopted in 1938 (a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief"), the United States Supreme Court undid *Conley's* "no set of facts" pleading standard that had been in place for 50 years.

*See id.* Referring to *Conley's* "no set of facts language," the high court stated that "after puzzling the profession for 50 years, this famous observation has earned its retirement." *Id.* at 563.

**{¶20}** In *Twombly*, the United States Supreme Court held that in order to survive a motion to dismiss, a pleading must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. As the dissent pointed out, this was a "dramatic departure from settled procedure law." *See id.* at 573 (Stevens, J., dissenting).

**{¶21}** The United States Supreme Court expounded on this new federal pleading standard in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). In *Iqbal*, the high court explained:

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" * * *). Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not "show[n]"—"that the pleader is entitled to relief."

(Citations omitted.) *Id.* at 678-679.

**{¶22}** Federal district and circuit courts have struggled over how to interpret and apply the vague "plausibility standard" set forth in *Twombly* and expounded on in *Iqbal*. *See Stacksteder*, 2d Dist. Montgomery No. 24993, 2012-Ohio-4452, ¶ 35 (for a discussion of different interpretations of the "plausibility" standard).

C.　　*Ohio's Standard in light of* Twombly *and* Iqbal

**{¶23}** Since the United States Supreme Court decided *Bell Atlantic v. Twombly* — over six and a-half years ago — the Ohio Supreme Court has not adopted the "plausibility standard" set forth in *Twombly*, nor has it cited to *Twombly* or even mentioned *Twombly*. Indeed, since *Twombly* was released, the Ohio Supreme Court has continued to reference and apply the long-established "no set of facts" pleading standard in the context of a motion to dismiss. *See, e.g.*, *Rayess v. Edn. Comm. for Foreign Med. Graduates*, 134 Ohio St.3d 509, 2012-Ohio-5676, 983 N.E.2d 1267, ¶ 18; *Ohio Bur. of Workers' Comp. v. McKinley*, 130 Ohio St.3d 156, 2011-Ohio-4432, 956 N.E.2d 814, ¶ 12; *Vokbers-Klarich v. Middletown Mgt., Inc.*, 125 Ohio St.3d 494, 2010-Ohio-2057, 929 N.E.2d 434, ¶ 12.

**{¶24}** No state appellate court in Ohio cited to *Bell Atlantic v. Twombly* until March 2009, when this court did so in *Gallo v. Westfield Natl. Ins.*, 8th Dist. Cuyahoga No. 91893, 2009-Ohio-1094. In *Gallo*, this court recited the well-established standards for reviewing a complaint on a motion to dismiss, including "we accept as true all factual allegations in the complaint"; "it must appear beyond doubt that the plaintiff can prove no set of facts entitling her to relief"; and one "cannot survive a motion to dismiss through

the mere incantation of an abstract legal standard, [but] can defeat such a motion if there is some set of facts consistent with [the] complaint, which would allow her to recover." (Citations omitted.)  *Id.* at ¶ 8-9.  For the first time, however, we then cited to *Twombly*, and stated:

> [T]he claims set forth in the complaint must be plausible, rather than conceivable.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).  While a complaint attacked by a Civ.R. 12(B)(6) motion to dismiss does not need detailed factual allegations, Gallo's obligation to provide the grounds of her entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  *Id.*  Factual allegations must be enough to raise a right to relief above the speculative level.  *Id.*

*Gallo* at ¶ 9.

**{¶25}** After *Gallo*, this court cited to *Twombly* for this or a similar proposition in several other cases.  *See Williams v. Ohio Edison*, 8th Dist. Cuyahoga No. 92840, 2009-Ohio-5702; *Parsons v. Greater Cleveland Regional Transit Auth.*, 8th Dist. Cuyahoga No. 93523, 2010-Ohio-266; *Fink v. Twentieth Century Homes*, 8th Dist. Cuyahoga No. 94519, 2010-Ohio-5486; *DiGiorgio v. Cleveland*, 8th Dist. Cuyahoga No. 95945, 2011-Ohio-5878; and *Snowville Subdivision Joint Venture Phase I v. Home S&L of Youngstown*, 8th Dist. Cuyahoga No. 96675, 2012-Ohio-1342.  Chief McGrath cites to *Gallo*, as well as some of these other cases in support of his argument that the Eighth District has adopted the heightened federal pleading standard.

**{¶26}** A review of these cases, however, establishes that in each of them, we did not abandon the well-established standards for reviewing a complaint in light of a motion to dismiss that Ohio courts had been applying for nearly 40 years.  In each of these

cases, we still cited the "no set of facts" language as the standard of review. *Williams* at ¶ 14; *Parsons* at ¶ 10; *Fink* at ¶ 23; *DiGiorgio* at ¶ 19; and *Snowville Subdivision* at ¶ 8. But more importantly, a more thorough review of these cases also shows that this court, like in *Gallo*, applied and decided the cases under traditional Civ.R. 12(B)(6) standards.

**{¶27}** Since *Gallo*, other Ohio appellate courts have also cited *Twombly* or *Iqbal*. The Fifth District cited *Iqbal* for the proposition that "[a] legal conclusion cannot be accepted as true for purposes of ruling on a motion to dismiss." *Cirotto v. Heartbeats of Licking Cty.*, 5th Dist. Licking No. 10-CA-21, 2010-Ohio-4238, ¶ 18. In *Vagas v. Hudson*, 9th Dist. Summit No. 24713, 2009-Ohio-6794, the Ninth District cited *Twombly* for the proposition that complaints must contain more than mere "labels and conclusions." *Id.* at ¶ 13. Similarly, the Eleventh District cited *Twombly* for the idea that mere recitation of the elements of a cause of action is insufficient without some factual allegations. *See Hoffman v. Fraser*, 11th Dist. Geauga No. 2010-G-2975, 2011-Ohio-2200, ¶ 21.

**{¶28}** But these courts, like this court, continued to apply and decide the cases under traditional Civ.R. 12(B)(6) standards. *Cirotto* at ¶ 17; *Vagas* at ¶ 7, 13; and *Hoffman* at ¶ 21. Further, as the Second District pointed out in *Sacksteder*, 2d Dist. Montgomery No. 24993, 2012-Ohio-4452, the propositions set forth in these cases, although citing to *Twombly* or *Iqbal*, are hardly novel concepts. *See id.* at ¶ 40-42, citing *Bratton v. Adkins*, 9th Dist. Summit No. 18136, 1997 Ohio App. LEXIS 3550 (Aug. 6, 1997) (holding that even under "'notice' pleading, a complaint must be more than 'bare

assertions of legal conclusions'"). As the court in *Bratton* stated, "[t]he ease of entry into the judicial arena introduced by 'notice pleading' was never intended to eliminate the need for a properly researched and factually supported cause of action." *Id.* at *4. *See also Prudential Ins. Co. of Am. v. Corporate Circle, Ltd.*, 103 Ohio App.3d 93, 658 N.E.2d 1066 (8th Dist.1995), citing *State ex rel. Hickman v. Capots*, 45 Ohio St.3d 324, 544 N.E.2d 639 (1989) ("[u]nsupported conclusions of a complaint are not considered admitted * * * and are not sufficient to withstand a motion to dismiss"); *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 193, 532 N.E.2d 753 (1988) (unsupported conclusions made in the complaint are not accepted as true).

{¶29} In discussing and rejecting the heightened pleading standard set forth in *Twombly*, the Second District explained in *Sacksteder*:

> The interstitial, definitional progression from the "fantastic" (e.g., "little green men") through "speculative," "conceivable," "possible," "plausible," "reasonably founded," "consistent with liability," "suggestive of liability," to "probability," can be the legal equivalent of explaining the progression from a quark to the Higgs boson. Ohio has long recognized that cases should be decided on their merits, not procedural technicalities. *Lykins v. Miami Valley Hosp.*, 157 Ohio App.3d 291, 2004-Ohio-2732, 811 N.E.2d 124 (2d Dist.), ¶ 92 (also noting that "Civ.R. 8(F) requires a court to liberally construe all pleadings 'as to do substantial justice'"). Other courts have not adopted a heightened pleading standard for Civ.R. 12(B)(6) motions to dismiss or considered such a motion to dismiss as a Civ.R. 56 motion for summary-judgment-lite. By the same token, we have never construed Civ.R. 12(B)(6) as permitting either speculation or complaints that are devoid of factual allegations supporting the legal claims.

*Id.* at ¶ 45.

{¶30} After reviewing the history of the Ohio Rules of Civil Procedure, the well-established standards for reviewing a complaint in light of a motion to dismiss, the

federal decisions of *Twombly* and *Iqbal*, and state appellate decisions from this court and others citing to *Twombly* and *Iqbal*, we reject Chief McGrath's contention that this court has adopted *Twombly* and *Iqbal* simply because we have cited to it. We further reject his contention that we should apply the heightened federal pleading standard in this case.

{¶31} Abandoning nearly 40 years of routine standards that have been applied in this state should be a matter for the Ohio Supreme Court. *See Sacksteder*, 2d Dist. Montgomery No. 24993, 2012-Ohio-4452, at ¶ 106 (Fain, J., concurring) (the decisions of *Bell Atlantic Corp. v. Twombly* and *Ashcroft v. Iqbal* "cannot override the rules of pleading established by the Ohio Rules of Civil Procedure, as interpreted by the Supreme Court of Ohio"; "[t]he *Twombly* line of cases has no application to the rules of pleading in Ohio courts unless and until the Supreme Court of Ohio incorporates the principles set forth in those cases in its interpretation of the Ohio rules of pleading."). Thus, until the Ohio Supreme Court adopts a new pleading standard or the Ohio Rules of Civil Procedure are changed, Ohio remains a notice-pleading state.

{¶32} We will now analyze Tuleta's complaint under Ohio's traditional Civ.R. 12(B)(6) standards.

Liability of Political Subdivision Employee

{¶33} An employee of a political subdivision is entitled to a general grant of immunity, but may be liable if one of the three circumstances described in R.C. 2744.03(A)(6) applies. *Long v. Hanging Rock*, 4th Dist. Lawrence No. 09CA30, 2011-Ohio-5137, ¶ 17. This provision provides as follows:

In addition to any immunity or defense referred to in division (A)(7) of this section and in circumstances not covered by that division or sections 3314.07 and 3746.24 of the Revised Code, the employee is immune from liability unless one of the following applies:

(a) The employee's acts or omissions were manifestly outside the scope of the employee's employment or official responsibilities;

(b) The employee's acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner;

(c) Civil liability is expressly imposed upon the employee by a section of the Revised Code. Civil liability shall not be construed to exist under another section of the Revised Code merely because that section imposes a responsibility or mandatory duty upon an employee, because that section provides for a criminal penalty, because of a general authorization in that section that an employee may sue and be sued, or because the section uses the term "shall" in a provision pertaining to an employee.

**{¶34}** Tuleta argues that McGrath is not immune under both R.C. 2744.03(A)(6)(a) and (b). Thus, to determine whether Tuleta has alleged sufficient operative facts to get past the general grant of immunity afforded to employees of a political subdivision, our focus is on R.C. 2744.03(A)(6)(a) and (b), and we must therefore determine whether Tuleta alleged sufficient operative facts, that if true, would establish that McGrath acted outside the scope of his employment and/or with malicious purpose, in bad faith or in a wanton or reckless manner.

Adequacy of the Complaint

1. *Malicious Prosecution*

**{¶35}** The elements of the tort of malicious criminal prosecution are: (1) malice in instituting or continuing prosecution, (2) lack of probable cause, and (3) termination of prosecution in favor of the accused. *Trussell v. Gen. Motors Corp.*, 53 Ohio St.3d 142,

559 N.E.2d 732 (1990). While the fact that an indictment is issued raises a presumption that probable cause existed, that presumption is rebuttable. *See Adamson v. May Co.*, 8 Ohio App.3d 266, 456 N.E.2d 1212 (8th Dist.1982); *Epling v. Pacific Intermountain Express Co.*, 55 Ohio App.2d 59, 379 N.E.2d 239 (9th Dist.1977).

**{¶36}** There is no question that Tuleta set forth the elements of malicious prosecution. But we must determine if he alleged sufficient operative facts to support this claim. After review, we find that he did not.

**{¶37}** There are scant factual allegations in Tuleta's complaint. Tuleta alleged that Chief McGrath participated in the investigation and prosecution of Tuleta's criminal case, where he was indicted in 2009 with six counts of drug possession and one count of aggravated theft. He also alleges that Chief McGrath's "actions were made with malice in instituting and/or continuing the prosecution of these charges." He asserts that Chief McGrath "instituted and continued the prosecution of these charges where there was a complete lack of probable cause." He further alleges that the termination of the prosecution ended in his favor when the Ohio Supreme Court declined to accept jurisdiction of the state's appeal.

**{¶38}** "It is well established that the obligation to accept factual allegations in a complaint as true does not extend to unsupported legal conclusions. 'Simplified pleading under Rule 8 does not mean that the pleader may ignore the operative grounds underlying a claim for relief.'" *Hodge v. Cleveland*, 8th Dist. Cuyahoga No. 72283, 1998 Ohio App. LEXIS 4963 (Oct. 22, 1998). In other words, courts have determined

that a litigant cannot escape immunity by making bald claims of wanton and/or reckless misconduct. *Id.* Instead, that litigant must allege some operative facts concerning the employee. *Id.*

**{¶39}** Accepting Tuleta's factual allegations as true, Chief McGrath "investigated, charged, indicted, and prosecuted" Tuleta on six counts of drug possession and one count of aggravated theft. And Tuleta's prosecution ended in his favor. Although Tuleta alleges that Chief McGrath's actions in the case "were made with malice" and that Chief McGrath "instituted and/or continued prosecution" when there was complete lack of probable cause, there are no facts alleged to support these legal conclusions.

**{¶40}** Thus, we conclude that Tuleta did not allege sufficient facts to state a claim of malicious prosecution, to bypass immunity, or to rebut the presumption that the indictment against him was issued with probable cause.

**{¶41}** Tuleta sets forth in his brief that Chief McGrath knew that he had a valid prescription for the drugs in his possession, and thus, he maintains that Chief McGrath continued prosecuting him despite knowing there was a lack of probable cause to do so. But these facts are not in Tuleta's complaint. It is well established that in determining whether to grant a Civ.R. 12(B)(6) motion, a court may not rely on evidence outside the complaint. *Costoff v. Akron Gen. Med. Ctr.*, 9th Dist. Summit No. 21213, 2003-Ohio-962. There is simply nothing in Tuleta's complaint to support his bare legal conclusions of "malice" and "lack of probable cause."

**{¶42}** Accordingly, Tuleta's malicious prosecution claim against Chief McGrath should have been dismissed.

2.  *Abuse of Process*

**{¶43}** The elements of the tort of abuse of process are (1) that legal proceedings have been set in motion in proper form and with probable cause; (2) that proceedings have been perverted to attempt to accomplish an ulterior purpose for which it was not designed; and (3) that direct damage resulted from the wrongful use of process. *Yaklevich v. Kemp, Schaeffer & Rowe Co.*, *L.P.A.*, 68 Ohio St.3d 294, 626 N.E.2d 115 (1994).

**{¶44}** Unlike Tuleta's malicious prosecution claim, Tuleta failed to set forth all of the elements of his abuse of process claim.   Regarding this claim, Tuleta alleges that the defendants set in a motion a legal proceeding against him and that the legal proceeding "was perverted to attempt to accomplish an ulterior purpose for which it was not designed."   He did not, however, allege the first element of the claim, i.e., that the legal proceeding was set in motion in proper form and with probable cause.   Notice pleading, however, does not require a pleader to state all elements of the claim.   *Pierce v. Woyma*, 8th Dist. Cuyahoga No. 94037, 2010-Ohio-5590, ¶ 21, citing *Fancher v. Fancher*, 8 Ohio App.3d 79, 455 N.E.2d 1344 (1st Dist.1982).

**{¶45}** Nonetheless, we find that Tuleta failed to allege sufficient operative facts on his abuse of process claim.   Nor did he allege sufficient facts to get past the general grant of immunity afforded to Chief McGrath as an employee of a political subdivision.

Although he alleges that Chief McGrath set the criminal case in motion "to attempt to accomplish an ulterior purpose for which it was not designed," he does not set forth sufficient operative facts to support this allegation. Nor are there any operative facts regarding Chief McGrath's participation in the investigation and prosecution of Tuleta that would amount to malice, bad faith, or wanton or reckless conduct.

{¶46} Thus, Tuleta did not set forth sufficient operative facts to state a claim for abuse of process or bypass immunity afforded to Chief McGrath. Accordingly, Tuleta's abuse of discretion claim should have been dismissed.

3. *Inducing Breach of Confidentiality and Breach of Confidentiality*

{¶47} A third party can be held liable for inducing the unauthorized, unprivileged disclosure of nonpublic medical information that a physician or hospital has learned within a physician-patient relationship. To establish liability the plaintiff must prove that (1) the defendant knew or reasonably should have known of the existence of the physician-patient relationship, (2) the defendant intended to induce the physician to disclose information about the patient or the defendant reasonably should have anticipated that his actions would induce the physician to disclose such information, and (3) the defendant did not reasonably believe that the physician could disclose that information to the defendant without violating the duty of confidentiality that the physician owed the patient. *Biddle v. Warren Gen. Hosp.*, 86 Ohio St.3d 395, 715 N.E.2d 518 (1999), paragraph three of the syllabus.

{¶48} In *Biddle*, the Ohio Supreme Court also recognized a separate tort for breach of confidentiality related to medical information, but *only* against physicians and hospitals that disclose confidential medical information to a third party without authorization or privilege to do so. *See id.* at paragraphs one and three of the syllabus. Thus, Tuleta's claim for breach of confidentiality (that Chief McGrath "negligently and/or willfully and/or recklessly disclosed on their own, physician-patient privileged information" about him) should be dismissed for failure to state a claim because this claim only exists against a physician or a hospital.

{¶49} In his claim for inducing breach of confidentiality, Tuleta alleges that the defendants knew or reasonably should have known that he had a physician-patient privileged relationship with his physician, Ramon Scruggs; that the defendants intended to induce his physician to disclose confidential and privileged medical information about him or that they reasonably should have known that their actions would induce his physician to disclose such confidential information; and that the defendants did not possess a reasonable belief that the privileged information could be disclosed without violating the duty of confidentiality that his physician owed him.

{¶50} If Tuleta's factual allegations against McGrath are true, then we find that Tuleta's complaint set forth sufficient operative facts to state a claim against McGrath for inducing breach of confidentiality. He did not, however, set forth sufficient operative facts to get past the general grant of immunity afforded to employees of a political

subdivision. Tuleta did not set forth facts — or even allege — that Chief McGrath's conduct was done with malice, bad faith, or in a wanton or reckless manner.

**{¶51}** Thus, claims for inducing breach of confidentiality and breach of confidentiality should be dismissed.

4. *Intentional Infliction of Emotional Distress*

**{¶52}** To establish a claim for intentional infliction of emotional distress, a plaintiff must show that: (1) the defendant intended to cause the plaintiff serious emotional distress; (2) the defendant's conduct was extreme and outrageous; and (3) the defendant's conduct was the proximate cause of plaintiff's serious emotional distress. *Phung v. Waste Mgt. Inc.*, 71 Ohio St.3d 408, 410, 644 N.E.2d 286 (1994).

**{¶53}** "Only the most extreme wrongs, which do gross violence to the norms of a civilized society, will rise to the level of outrageous conduct." *Brown v. Denny*, 72 Ohio App.3d 417, 423, 594 N.E.2d 1008 (2d Dist.1997). It is not enough that the defendant acted with intent to cause emotional distress. Liability will be found only where "the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Yeager v. Local Union 20*, 6 Ohio St.3d 369, 374, 453 N.E.2d 666 (1983).

**{¶54}** Tuleta's intentional infliction of emotional distress claim alleges that McGrath's actions intentionally inflicted severe emotional distress on him, and that as a direct and proximate result of McGrath's conduct, he suffered physical and psychological

injuries, "permanent injury to his reputation, economic loss and damages, pain and suffering, and past and future severe emotional distress."

**{¶55}** Tuleta does not allege that McGrath's conduct was extreme and outrageous. But as we previously stated, notice pleading does not require a plaintiff to state all of elements of a claim if sufficient operative facts are alleged. *Pierce*, 8th Dist. Cuyahoga No. 94037, 2010-Ohio-5590.

**{¶56}** Nonetheless, we conclude that Tuleta does not state sufficient operative facts of intentional infliction of emotional distress to survive McGrath's motion to dismiss. Again, Tuleta must allege operative facts that amount to more than bare legal conclusions. *Hodge v. Cleveland*, 8th Dist. Cuyahoga No. 72283, 1998 Ohio App. LEXIS 4963 (Oct. 22, 1998). Tuleta does not allege any operative facts that would amount to extreme and outrageous conduct on the part of Chief McGrath.

**{¶57}** Accordingly, Tuleta's claim of intentional infliction of emotional distress should be dismissed.

5. *Negligent Infliction of Emotional Distress*

**{¶58}** An employee of a political subdivision is immune from liability for negligent acts or omissions. *Anderson v. Massillon*, 134 Ohio St.3d 380, 2012-Ohio-5711, 983 N.E.2d 266, ¶ 23. Thus, Tuleta's claim of negligent infliction of emotional distress against Chief McGrath should be dismissed.

**{¶59}** Chief McGrath's sole assignment of error is sustained because the trial court erred when it denied his motion to dismiss.

**{¶60}** Judgment reversed and remanded to the lower court for further proceedings consistent with this opinion.

It is ordered that appellant recover of appellee the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY J. BOYLE, ADMINISTRATIVE JUDGE

EILEEN A. GALLAGHER, J., and
PATRICIA ANN BLACKMON, J., CONCUR