[Cite as *White v. Family Dollar Store, Inc.*, 2023-Ohio-329.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| SHARON L. WHITE | : | |
| | : | |
| Appellant | : | C.A. No. 29549 |
| | : | |
| v. | : | Trial Court Case No. 2022 CV 2514 |
| | : | |
| FAMILY DOLLAR, et al. | : | (Civil Appeal from Common Pleas |
| | : | Court) |
| Appellees | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on February 3, 2023

. . . . . . . . . . .

CHRISTOPHER E. COTTER & ROBERT W. SCHRIMPF, Attorneys for Appellee

SHARON L. WHITE, Appellant, Pro Se

. . . . . . . . . . . .

LEWIS, J.

{¶ 1} Plaintiff-Appellant Sharon L. White appeals from the trial court's order dismissing her action. For the following reasons, we affirm the trial court's judgment in part and reverse in part.

I.    Facts and Course of Proceedings

{¶ 2} On June 6, 2022, White commenced an action against the Family Dollar Store, Inc., Michael Witynski, the alleged Chief Executive Officer (CEO) and owner of the Family Dollar Store, Inc., and "Jane Doe, The Family Dollar Store Employee (Accuser)." According to the allegations in the complaint, on February 2, 2022, White visited the Family Dollar store located at 1028 N. Gettysburg Avenue in Dayton.   White entered the store at approximately 3:15 p.m. to purchase some items to prepare for an impending snowstorm.   While looking for dishwashing liquid, White noticed that a young, female, white store employee was following her down the aisles.   As a result, White decided to leave the store.   According to the complaint, once White exited the store, "the young white woman, Jane Doel [sic] yelled out loud, in front of everyone in the store including customers outside the Family Dollar store and said I seen her steal something or put something in her purse."   White claims that she has suffered anxiety, humiliation, and emotional and psychological distress because of the negligence of the defendants and the wrongful accusation of shoplifting.

{¶ 3} Defendants Family Dollar and Michael Witynski filed a motion to dismiss White's complaint pursuant to Civ.R. 12(B)(1), (2), and (6).   According to the motion to dismiss, White's complaint failed to state a claim for negligent infliction of emotional distress, intentional infliction of emotional distress, slander, declaratory judgment, or respondeat superior.   Further, Defendants contended White had failed to include allegations sufficient to establish personal jurisdiction over Witynski.

{¶ 4} In response to the motion to dismiss, White alleged that Jane Doe, the Family

Dollar employee, maliciously and wrongfully accused White of shoplifting and her "motive was to intentionally cause harm due to Plaintiff black skin color." According to White, "Defendants [are] neglecting and trying to get out of their responsibilities and [are] covering up a crime. Defendants [are] failing to acknowledge that this crime happen [sic] to the Plaintiff." White asked the court "to determine the rights and duties of each party" and demanded judgment in the amount of $159,000,000, plus interest and costs.

{¶ 5} On August 4, 2022, the trial court dismissed White's Complaint. The court stated, in part:

> The Court has reviewed the allegations in the complaint and finds that plaintiff has failed to establish personal jurisdiction over the individual, CEO of Dollar Tree, LLC, and has failed to set forth facts that can support a valid claim for relief, even applying the very generous law on this issue recognizing that Ohio is a notice-pleading state. The complaint fails to set forth a possible claim that could result in a recovery in her favor. It is understood that plaintiff believes she was falsely suspected of shoplifting in a Dollar store and believes that being a suspected shoplifter has damaged her reputation and caused her distress. However, as set forth in the motion and memorandum of defendants, plaintiff has not set forth facts that could support the claims that she is asserting against these defendants. Merely being questioned at a store about suspected shoplifting, standing alone, does not present facts sufficient for recovery under the various legal theories that plaintiff has pled in the complaint.

August 4, 2022 Decision and Entry, p. 1-2.

{¶ 6} White filed a timely notice of appeal from the trial court's decision.

II.      The Trial Court Erred in Dismissing White's Complaint Against Jane Doe and Family Dollar

{¶ 7} In the section of her appellate brief entitled "Statement of The Assignments of Error," White makes several statements regarding what the trial court found when it dismissed her complaint. Parsing through these statements, it appears that White takes issue with the trial court's findings that (1) she failed to establish personal jurisdiction over the CEO; (2) she failed to set forth facts that supported a valid claim for relief; and (3) the complaint failed to set forth a possible claim that could result in a recovery in her favor.

{¶ 8} When reviewing the sufficiency of a complaint, this court is mindful that Civ.R. 8(A) provides for notice pleading, which requires a "short and plain statement of the claim showing that the party is entitled to relief," and "a demand for judgment for the relief to which the party claims to be entitled." *Id.* The court must accept all the factual allegations in the complaint as true and construe all reasonable inferences in favor of the plaintiff. *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192, 532 N.E.2d 753 (1988). Even under Ohio's liberal pleading rules and notice-pleading standard, however, a cause of action must be factually supported, and courts need not accept bare assertions of legal conclusions. *Tuleta v. Med. Mut. of Ohio*, 2014-Ohio-396, 6 N.E.3d 106, ¶ 28 (8th Dist.). Additionally, the court need not accept as true any unsupported and conclusory legal propositions advanced in the complaint. *Morrow v. Reminger & Reminger Co. L.P.A.*,

183 Ohio App.3d 40, 2009-Ohio-2665, 915 N.E.2d 696, ¶ 7 (10th Dist.).

{¶ 9} The Ohio Supreme Court has held that a trial court should not grant a motion to dismiss "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief." *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242, 245, 327 N.E.2d 753 (1975), quoting *Conley v. Gibson*, 355 U.S. 41, 45, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). For example, if the court can determine from the face of the complaint that the action is barred by the statute of limitations, the court may dismiss the complaint pursuant to Civ.R. 12(B)(6). *Doe v. Archdiocese of Cincinnati*, 109 Ohio St.3d 491, 2006-Ohio-2625, 849 N.E.2d 268, ¶ 11. We review the trial court's ruling on a motion to dismiss under a de novo standard of review. *Perrysburg Twp. v. Rossford*, 103 Ohio St.3d 79, 2004-Ohio-4362, 814 N.E.2d 44, ¶ 5.

{¶ 10} In her complaint, White stated that she left the Family Dollar store because the employees were acting weird. She then stated:

> Once I the Plaintiff got out of the store the young white woman, Jane Doel [sic] yelled out loud, in front of everyone in the store including customers outside the Family Dollar store and said I seen her steal something or put something in her purse. Plaintiff told one of the Family dollar employees that I the Plaintiff didn't steal anything. I the Plaintiff then opened my purse to show the family Dollar store employee that I the Plaintiff did not steal anything. He wasn't the same Family Dollar store employee that was following me around the store. Someone [in] the store yelled out

that she is always accusing someone of stealing, while I the Plaintiff was showing a Family dollar Store employee the inside of my purse. The Plaintiff short handled purse was on the Plaintiff shoulder the whole time Plaintiff was in the store and the Defendant, Family Dollar store employee Jane Doe flat out lied and said she seen Plaintiff put something in her purse.

June 6, 2022 Complaint, p. 4.

{¶ 11} As a result of the incident, White alleged, in part:

I the Plaintiff is suffering with anxiety, emotional and psychological distress, slander, and humiliation over this incident. All such matters damages are as a result of the negligence of the defendants. Plaintiff suffers from great emotional distress from going into a store, fear of it happening again. This could have ended tragically. Plaintiff or someone could have been shot or killed all because Plaintiff believe Family Dollar store employee was racist, the reason why she lied.

*Id.* at p. 4-5.

{¶ 12} We agree with the trial court that White failed to state a viable claim for relief against Defendant Michael Witynski, the alleged CEO of Family Dollar. Even under the lenient, notice-pleading requirements, none of her allegations stated a viable cause of action against him. Rather, White's complaint centered around the actions of Jane Doe, the alleged employee of Family Dollar.

{¶ 13} Although White's allegations were insufficient to raise a viable claim against the alleged CEO of Family Dollar, White's complaint did contain sufficient allegations of

a defamation claim against Jane Doe, the employee of Family Dollar who allegedly falsely accused White of shoplifting in front of several other individuals. "The essential elements of a defamation action, whether slander or libel, are that the defendant made a false statement of fact, that the false statement was defamatory, that the false defamatory statement was published, that the plaintiff was injured and that the defendant acted with the required degree of fault." *Matikas v. Univ. of Dayton*, 152 Ohio App.3d 514, 2003-Ohio-1852, 788 N.E.2d 1108, ¶ 27 (2d Dist.), citing *Celebrezze v. Dayton Newspapers, Inc.*, 41 Ohio App.3d 343, 346-347, 535 N.E.2d 755 (8th Dist.1988).

{¶ 14} White alleged that an employee of Family Dollar engaged in defamatory acts. Further, she alleged in her complaint that a person inside Family Dollar at the time of the incident stated that the employee who was engaging in the defamatory acts "is always accusing someone of stealing." Assuming the truth of that factual allegation, which we must do when ruling on a motion to dismiss, White presented sufficient factual allegations that Family Dollar may have been aware that its employee often accused customers of stealing. We believe these allegations were sufficient to survive a motion to dismiss White's defamation claim against Family Dollar under a respondeat superior theory. Under the doctrine of respondeat superior, a corporation may be held vicariously liable for its employees' acts. *Clark v. Southview Hosp. & Family Health Ctr.*, 68 Ohio St.3d 435, 438, 628 N.E.2d 46 (1994). Therefore, the trial court erred in granting Family Dollar's motion to dismiss.

III. Conclusion

{¶ 15} The trial court did not err in granting Defendant Witynski's motion to dismiss, but it erred in granting Family Dollar's motion to dismiss.   Therefore, the judgment of the trial court is affirmed in part and reversed in part.   The cause is remanded for further proceedings consistent with this opinion.

. . . . . . . . . . . . .


TUCKER, J. and EPLEY, J., concur.